Albert ZALES

v.

The STATE OF LOUISIANA.

Misc. No. 773.

United States District Court
E. D. Louisiana,
Baton Rouge Division.

Oct. 30, 1964.

Leon A. Picou, Jr., St. Francisville, La., for petitioner.

Jack P. F. Gremillion, Atty. Gen. of Louisiana, Teddy W. Airhart, Jr., Jodie W. Stout, Asst. Attys. Gen. of Louisiana, Baton Rouge, La., Jules L. Davidson, First Asst. Dist. Atty., Parish of Rapides, Alexandria, La., for respondent.

WEST, District Judge.

Petitioner, Albert Zales, was charged in a bill of information in the Ninth Judicial District Court for the Parish of Rapides, Louisiana, on March 20, 1963, with the crime of attempted simple burglary, which is a felony under the laws of the State of Louisiana. On May 30, 1963, he was tried before a jury and found guilty. On June 28, 1963, he was sentenced by that court to serve a term of four and one-half years at hard labor in the Louisiana State Penitentiary. But on July 3, 1963, another bill of information was filed against him in the same court charging him with being a multiple offender (fifth offender) as defined by LSA–Revised Statutes Title 15, Section 529.1, and therefore, subject to imprisonment for a period of not less than twenty years and not more than his natural life. On the same day, petitioner appeared in open court, without counsel, to

answer to this charge. After he pleaded guilty to being a fifth offender, and in accordance with Louisiana law, Louisiana Revised Statutes Title 15, Section 529.1, the Court recalled, vacated, and set aside the four and one-half year sentence imposed on June 28, 1963, and instead, sentenced him to twenty years at hard labor in Louisiana State Penitentiary. It is as a result of this twenty year sentence that petitioner now seeks a writ of habeas corpus, application for which was filed in this court on August 17, 1964. At petitioner's request, an attorney at law was appointed by this Court to represent him, and on September 18, 1964, a full evidentiary hearing was held. While petitioner, in his rather lengthy application, assigned many alleged errors in the proceedings against him, when the matter came on for hearing before this Court, all allegations of error were specifically abandoned except the claims that he was not properly charged; that he was not properly arraigned; and that he was not afforded the assistance of counsel in connection with the multiple offender charge. He specifically stated in this Court that he had no quarrel with the proceedings resulting in the four and one-half year sentence for simple burglary. His only complaint is that he was not afforded the assistance of counsel when he was charged, arraigned and sentenced as a multiple offender. The issue here is thus narrowly limited.

After hearing the evidence in this matter, including the testimony of petitioner and that of the assistant district attorney who was present during all of the proceedings involved, and after carefully reviewing the records of the Ninth Judicial District Court for the Parish of Rapides, State of Louisiana, in connection with this proceeding, it is readily apparent that there is no merit to petitioner's contentions. This petitioner is no newcomer to criminal judicial proceedings. According to his own testimony, he has been in court many times, and has served over twenty years in the aggregate for various other offenses. On all of his prior appearances in court, he had the assistance of counsel, and according to his own testimony, he well knew of his constitutional right to counsel. In addition to this, the minutes of the Ninth Judicial District Court show quite clearly that on July 3, 1963, before he was arraigned on the multiple offender charge, a bill of information, in proper form under Louisiana law, was read to the petitioner and filed in the record. Before arraignment, the Court "explained to the accused that he was entitled to request appointment of counsel and to have a hearing on the 'multiple offender' charge." After this explanation by the Court, petitioner stated that he waived right to counsel, waived all delays, pleaded guilty to the charge, and stood ready for sentence. It was then that the prior sentence of four and one-half years was recalled and set aside, and the twenty-year sentence imposed. At the hearing before this Court on September 18, 1964, these minutes were read to the petitioner and he was asked if they were correct. He could not deny that these proceedings, as above outlined, had taken place. His only reason for claiming that he was not afforded the right to counsel was that he claims an assistant district attorney in Rapides Parish told him before arraignment that if he got a lawyer he might get life, whereas if he did not, he might get off with twenty years. Of course, the State denies that any such representations were made, but regardless of whether they were or not, the question here involved was whether or not the petitioner knowingly, intelligently and voluntarily waived his constitutional right to counsel. This petitioner has had much experience in the ways of the law. He readily admits that he knew of his right to have an attorney, and as a matter of fact, had exercised that right on all previous occasions when he ran afoul of the law. In this particular case, he simply concluded that he might fare better without an attorney than with one. He voluntarily, knowingly, and intelligently elected to proceed without the benefit of counsel.

And as a matter of fact, he did fare just exactly as he had anticipated. At the hearing before this Court, he freely admitted that he was, in fact, a multiple offender, as defined by Louisiana law, and the fact is that he did receive the minimum sentence provided for under that statute. So actually, everything went exactly according to his plan. His contention now that he did not knowingly and intelligently waive his right to counsel is untenable. Insofar as the contention that he was not properly charged and arraigned is concerned, there is simply no evidence whatsoever in support thereof. The record, which is not only uncontradicted, but which is verified by the petitioner's own testimony, simply refutes that contention. There is not a shred of evidence to support petitioner's claim that his constitutionally guaranteed rights have in any way been violated, and hence, his application for the issuance of a writ of habeas corpus must be denied.