**Albert ZALES, Petitioner-Appellant,**

**v.**

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, et al., Respondent-Appellee.**

**No. 28433.**

United States Court of Appeals, Fifth Circuit.

Oct. 21, 1970.

Gen., Edwin O. Ware, Dist. Atty., Ninth Judicial Dist., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and GEWIN and THORNBERRY, Circuit Judges.

JOHN R. BROWN, Chief Judge:

In this habeas corpus appeal, Petitioner asserts that invalid, pre-*Gideon* convictions were used to enhance his sentence, contrary to the dictates of Burgett v. Texas, 1967, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319. Believing that a guilty plea to the habitual offender-enhancement charge forecloses his right to make this contention, we affirm.

In *Burgett* the Supreme Court held that "to permit a conviction obtained in violation of Gideon v. Wainwright [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799] to be used against a person either to support guilt or enhance punishment for another offense * * * is to erode the principle of that case." 389 U.S. at 115, 88 S.Ct. at 262, 19 L.Ed.2d at 324–325. In *Burgett,* however, counsel by a plea of not guilty to the enhancement charge vigorously objected to the introduction of the prior no-counsel convictions. And the Supreme Court's disposition was on a direct appeal from that conviction. Unlike Burgett, Zales pleaded guilty at the multiple offender-enhancement proceeding, and we find this plea to distinguish this case from the sweep of *Burgett.*

Represented by counsel, Zales was convicted of simple burglary in June 1963. Shortly thereafter he was charged pursuant to LSA 15:529.1 with being a habitual offender.[1] At a hearing he waived

James D. Davis, Alexandria, for petitioner-appellant.

Jack P. F. Gremillion, Atty. Gen., of Louisiana, Jack E. Yelverton, Asst. Atty.

1. "If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state, or has been convicted under the laws of any other state or of the United States; or any foreign government or country of a crime, which, if committed in this state would be a felony, the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction. Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained

the right to counsel and pleaded guilty, thereby admitting that he had been convicted of a felony on four previous occasions.[2] The Court accepted his plea, vacated the four and one half years burglary sentence of June 1963, and resentenced him to the statutory minimum of twenty years.[3]

Then began a lengthy exercise in writ writing. After two unsuccessful applications for habeas corpus relief in the Louisiana Supreme Court, Zales sought relief from the Federal Court for the Eastern District of Louisiana. In 1964, he was given an evidentiary hearing at which he was represented by counsel. After an examination directed almost entirely to the waiver of counsel at the multiple offender hearing, Judge (now Chief Judge) West denied relief. Zales v. Louisiana, E.D.La., 1964, 234 F.Supp. 1021. Following some fruitless appeals,[4] Zales again sought habeas relief in state Court. In 1968 he was afforded another evidentiary hearing in which he urged not only that the waiver of counsel at the habitual offender hearing was invalid but also that the lack of counsel at his four prior

convictions (note 2, *supra*) invalidated the enhancement. As with the previous hearing, Zales' importunings produced no results. Still not content, Zales in 1969 filed another petition in federal Court, a petition that was transferred to the Western District of Louisiana, 28 U.S. C.A. §§ 2241(d). That petition produced the order now here before us for review. Believing that the factual background had been adequately explored at the two prior hearings, the Court did not conduct another one. On the basis of the whole record Judge Hunter disposed of Zales' attack in an unreported memorandum opinion.[5] As did the Court below, we deem the guilty plea in the habitual offender trial to be both the alpha and the omega of our determination. McMann v. Richardson, 1970, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763; Brady v. U. S., 1970, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; Parker v. North Carolina, 1970, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785. See also Oyler v. Boles, 1962, 368 U.S. 448, 453–454, 82 S.Ct. 501, 504–505, 7 L.Ed.2d 446, 451.

in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and the judge shall fix a day to inquire whether the offender has been convicted of a prior felony or felonies, as set forth in the information. If the judge finds that he has been convicted of a prior felony or felonies, or if he acknowledges or confesses in open court, after being duly cautioned as to his rights, that he has been so convicted, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence if already imposed, deducting from the new sentence the time actually served under the sentence so vacated."
LSA § 15:529.1(D).

2. Zales' four prior Louisiana convictions were as follows:
   1944—Assisting escape
   1946—Simple burglary and theft
   1953—Simple burglary
   1959—Simple burglary

"If the fourth or subsequent felony is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then the person shall be sentenced to imprisonment for the fourth subsequent felony for a determinate term not less than the longest term prescribed for a first conviction and not more than his natural life and in no case less than twenty years."
LSA § 15:529.1(A) (3).

4. After this Court denied the issuance of a Certificate of Probable Cause, Zales applied unsuccessfully for leave to file a petition for a writ of habeas corpus. Zales v. Middlebrooks, 1966, 384 U.S. 968, 86 S.Ct. 1883, 16 L.Ed.2d 692.

5. In the opinion of Judge West there is a rather unclear implication that the petitioner had counsel in his four previous trials. Judge Hunter approached this question with doubts as to presence of counsel. Our examination of the record forces us to agree with Judge Hunter's misgivings. We will therefore proceed on the *arguendo* assumption that there was no counsel at the four prior convictions.

A guilty plea "differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence." Kercheval v. United States, 1927, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009, 1012.[6] And in the leading exposition of this Court on the effect of a guilty plea, we stated:

"It is settled by a host of authorities that a judgment on a plea of guilty which has been entered voluntarily on advice of counsel is not rendered invalid because the defendant had previously made a confession under circumstances which might have rendered it inadmissible in evidence if the defendant had pleaded not guilty and had gone to trial. This is so because the plea, if voluntarily and understandingly made, is conclusive as to the defendant's guilt, admitting all the facts charged and waiving all non-jurisdictional defects in the prior proceedings against him. The judgment and sentence which follow a plea of guilty are based solely upon the plea. * * * " (Footnotes omitted).

Busby v. Holman, 5 Cir., 1966, 356 F.2d 75, 77–78.[7] Guided by *Busby* we have often enumerated the kinds of defects that a defendant waives when he pleads guilty.[8] See, e. g., Brown v. Beto, 5 Cir., 1967, 377 F.2d 950 (illegal confession plus no counsel when it was taken); Hamilton v. Florida, 5 Cir., 1968, 390 F. 2d 872 (illegal detainment, incompetent counsel, warrantless arrest); Askew v. Alabama, 5 Cir., 1968, 398 F.2d 825 (denial of the right to counsel and to confront witnesses at a preliminary hearing); White v. Beto, 5 Cir., 1968, 399 F.2d 302 (conviction based on insufficient evidence); Chandler, note 7, supra (denial of preliminary hearing); Todd v. United States, 5 Cir., 1969, 418 F.2d 134 (defense of insanity); Frye v. United States, 5 Cir., 1969, 411 F.2d 562 (alibi defense); Rice v. United States, 5 Cir., 1969, 420 F.2d 863 (denial of bail, wrong offense in indictment).[9]

6. This view was recently reaffirmed by the Supreme Court in the guilty plea trilogy: "[T]he plea is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered without a trial—a waiver of his right to trial before a jury or a judge." Brady v. United States, *supra*, 397 U.S. at 748, 90 S.Ct. at 1469.

7. Of course in *Busby*, the defendant entered his plea upon advice of counsel, whereas Zales admittedly had no counsel at his habitual offender hearing. But a defendant who validly waives counsel stands on no better ground than the defendant who makes an otherwise valid plea of guilty on the advice of counsel. See Chandler v. United States, 5 Cir., 1969, 413 F.2d 1018, 1019. And the repeated rulings of state and federal Judges on the validity of Zales' waiver of counsel more than pass muster under Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461.

8. The only rule with no exception is that there is an exception to every rule. Thus "a defendant who has pleaded guilty is not barred from claiming that the indictment * * * failed to state an offense, or that the statute under which he was charged is unconstitutional, or that the pleading showed on its face that the prosecution was barred by the statute of limitations." Wright, Federal Practice and Procedure-Criminal § 175 at 379–380. (Footnotes omitted).

9. Confusion often arises in the instance in which the prosecutor uses his doubtful evidence to threaten the prisoner into pleading guilty. Then the issue becomes not the waiver of non-jurisdictional defenses such as the use of inadmissible evidence but rather the voluntariness of the plea, a subject that *Busby supra*, 356 F.2d at 78–79, recognizes may be proper for collateral attack. It is arguable that *McMann* narrowed the scope of *Busby*. See 397 U.S. at 765, n. 10, 90 S.Ct. 1445 and 397 U.S. at 776, n. 2, 90 S.Ct. at 1451. But we need not delve into this for the record is more than ample to sustain the repeated finding that the plea was voluntary. Although Zales testified that the prosecutor told Zales that if Zales pleaded guilty, the prosecutor would ask only for the minimum enhancement rather than for

■ Thus it is Zales' guilty plea at the habitual offender hearing that separates his case from *Burgett*. Zales waived any complaints he may have had concerning the former offenses which were set out in the enhancement charge. On the other hand, had the plea been not guilty, it would have put in issue all matters going to the validity of the prior convictions including the presence of counsel at the previous trials. If Zales had proved that no counsel had been present he then could have been possibly the first to argue the retroactivity of *Gideon*.[10] Or Zales could have raised the *Burgett* question before Burgett did.[11]

The information of the prosecutor clearly accused Zales of four felonies. His plea admitted those acts. He now seeks to show that his convictions for those acts are invalid for lack of counsel. But the Supreme Court has answered:

"We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant had thought. * * *."

*Brady, supra,* 397 U.S. at 757, 90 S.Ct. at 1474.

Affirmed.

the maximum, the record shows that this was in no sense coercive. For in the evidentiary hearing in the State Court in 1968, Zales freely admitted that he had pleaded to being a habitual offender because in three of his four previous trials he was guilty. The statute under which Zales was convicted does not distinguish between three and four prior convictions so there is no problem raised here. See note 3, *supra*. Thus we are not even confronted with the analogy to *Parker* that the plea was induced by tainted convictions as Parker's allegedly was by a coerced confession. For Zales' only fear at any time was that he would receive

more than twenty years at the enhancement proceeding. And even an allegation that the prior convictions compelled the plea would seem inadequate for relief under *McMann*. *McMann, supra*, 397 U.S. at 771, 90 S.Ct. at 1449, 25 L.Ed.2d 773.

10. Since the enhancement hearing *Gideon* has indeed been made retroactive. See Pickelsimer v. Wainwright, 1963, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41.

11. The habitual offender trial was four and one half years prior to the 1967 *Burgett* decision.