446 F.2d 1387
 Clarence Stephen COOK, Petitioner-Appellant,
v.
Dr. George J. BETO, Director, Texas Department of
Corrections, Respondent-Appellee.
No. 71-1571 Summary Calendar.*
*(1) Rule 18, 5 Cir.; See Isbell Enterprises, Inc.
v.
Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 July 22, 1971.
 
 Clarence Cook, pro se.
 Crawford C. Martin, Atty. Gen. of Tex., Guy C. Fisher, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.
 Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit judges.
 PER CURIAM:
 
 
 1
 In this case the District Court, without an evidentiary hearing, denied this Texas prisoner a writ of habeas corpus. We affirm.
 
 
 2
 Petitioner, represented by retained counsel, was convicted in 1963 of the attempted rape of his daughter. Originally indicted for rape, the petitioner was permitted to plead guilty of the lesser charge and was given a two to twenty-five year sentence. No direct appeal was taken of this conviction. In 1969 petitioner filed for habeas in the convicting court. An evidentiary hearing was ordered, and petitioner appeared in person with his court-appointed counsel. The state court denied relief and was upheld by the Texas Court of Criminal Appeals.
 
 
 3
 The petitioner then sought habeas relief in federal court. That court held no hearing but instead denied relief on the state habeas record, a record we find fully adequate for our purposes here.
 
 
 4
 Petitioner contends that he was inadequately represented by counsel at various phases of these proceedings. But the state record indicates that the petitioner was ably and competently represented by counsel at the investigatory, trial, and post-conviction stages. Every factual question was explored and every legal argument was pressed. This contention of the petitioner must therefore be dismissed.
 
 
 5
 We now come to the prime argument urged by petitioner, that is that his guilty plea did not meet constitutional standards. our examination of the record, however, forces us to conclude that there was an adequate basis for the conclusion that the plea was above question. The petitioner pleaded guilty after consulting his attorney who informed him of the attorney's investigation and evaluation of the evidence, the possible consequences of going to trial, and the results of the plea bargaining with the State. Furthermore the petitioner was informed by the Court of the punishment for the offense. Nonetheless the petitioner pleaded guilty and waived the time allotted for appeal so that he could be sentenced immediately. We can therefore reach no conclusion but that the guilty plea was completely consistent with constitutional requirements.
 
 
 6
 Finally the petitioner complains of an illegal arrest, improper pre-trial treatment and an involuntary confession. But these are the kinds of defects that are foreclosed from our consideration by the valid guilty plea. Zales v. Henderson, 5 Cir., 1970, 433 F.2d 20, 23 and the cases there cited. Thus the District Court properly denied the petitioner's request for habeas corpus relief.
 
 
 7
 Affirmed.