**Rufus JOHNSON, Petitioner–Appellant,**

v.

**Steve PUCKETT, Superintendent of the Mississippi State Penitentiary, Respondent–Appellee.**

No. 89–4615.

United States Court of Appeals,
Fifth Circuit.

May 7, 1991.

Rufus Johnson, pro se.

Jeffrey M. Rosamond, Asst. Atty. Gen., Mike Moore, Atty. Gen., Jackson, Miss., for respondent-appellee.

Before RUBIN, GARWOOD, and HIGGINBOTHAM, Circuit Judges.

GARWOOD, Circuit Judge:

Petitioner-appellant Rufus Johnson (Johnson), a Mississippi prisoner, appeals the district court's dismissal of his habeas corpus petition under 28 U.S.C. § 2254. In his challenged state court conviction and sentence, Johnson had pleaded guilty to burglary of an inhabited dwelling and was sentenced as an habitual criminal based on two prior convictions as alleged in the indictment. On this appeal, Johnson contends that the indictment was defective, that the state court improperly failed to inform him that he was not required to plead guilty to being an habitual criminal, that the district court erred below in denying him an evidentiary hearing on his § 2254 claim that one of his prior convictions was unconstitutionally obtained, and that he was denied effective assistance of counsel in the state proceedings. We find no merit to Johnson's claims and accordingly affirm.

**Facts and Proceedings Below**

On November 10, 1983, Johnson was indicted on a charge of burglary in June 1983 of an inhabited dwelling. He pleaded guilty to the indictment and was sentenced as an habitual criminal under Miss.Code Ann. § 99–19–81 to a fifteen-year term of imprisonment without parole or probation.[1] Johnson was represented at trial by court-appointed counsel throughout those proceedings.

Johnson's indictment alleged the principal offense there charged as well as the fact that he was charged under § 99–19–81 by reason of his two prior felony convictions, one a 1980 conviction for a 1980 burglary and the other a 1982 conviction for a 1982 receiving of stolen property, for each of which prior convictions Johnson received a three year sentence. Because there was inadequate room on the front side of the single-page indictment to include all of the pertinent information, the information relating to the prior convictions, and the fact that by reason of them Johnson was thereby charged as an habitual criminal under § 99–19–81, appeared on the back side of the document. The grand jury foreman signed only the front side of the document. Also appearing on the front side, above the foreman's signature and "true bill" recitation, was the following inscription: "(INDICTMENT AGAINST DEFENDANT CONTINUED ON BACK)."

On December 15, 1983, Johnson pleaded guilty to the indictment. The transcript of December 15 proceedings reflects that before Johnson's plea was accepted, the court explained to Johnson, and ascertained that he understood, that he was not only charged with burglary of an inhabited dwelling but was also charged with being an habitual criminal under § 99–19–81 by reason of having two prior felony convictions for each of which he had been sentenced to one year or more, and the entire indictment, including that portion relating to § 99–19–81 which identified the prior convictions (by cause number, court, date and nature of offense, date of conviction and sentence imposed), was read in open court and Johnson was asked by the court whether he understood the charges that

---

1. Section 99–19–81 provides that one convicted of a felony who has two or more prior felony convictions arising out of separate incidents for which sentences of a year or more were imposed shall receive the maximum imprisonment for the felony charged and shall not be eligible for parole or probation.

had just been read, and he answered that he did. Johnson was also advised that as an habitual criminal he could receive the maximum sentence for burglary of an inhabited dwelling, 15 years, and would be ineligible for parole or probation. Further, the court ascertained that Johnson had consulted with counsel and been advised "of the elements of the charges against him and the proof necessary for conviction both on the basic charge and also on the charges alleging he is an habitual criminal," and that Johnson was satisfied with his counsel, and desired to persist in his guilty plea. Only after these matters (and others respecting the voluntary and knowing nature of his plea) had been gone into was Johnson's plea accepted. Johnson then immediately "waive[d] presentence," and the state introduced evidence of the two prior convictions alleged in the indictment. Johnson's counsel stated he did not have any objections to the evidence of the prior convictions, and on inquiry by the court Johnson personally acknowledged the prior convictions and sentences alleged in the indictment the records of which were put in evidence. The court inquired if Johnson had anything further to say, and Johnson replied in the negative. Johnson was then sentenced to 15 years without probation or parole.

In his instant habeas petition, Johnson challenges his 1983 conviction and sentence on four grounds. He claims (1) that the 1983 indictment was fatally defective; (2) that the state court failed to inform him that he was not required to incriminate himself by pleading guilty to being an habitual criminal; (3) that his status as an habitual criminal was based on an unconstitutionally obtained prior conviction; and (4) that he was denied effective assistance of counsel in his 1983 state proceedings.

## Discussion

### I. Defective Indictment

■ We have consistently held "that the sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that the convicting court had

no jurisdiction." *Liner v. Phelps,* 731 F.2d 1201, 1203 (5th Cir.1984) (quoting *Branch v. Estelle,* 631 F.2d 1229, 1233 (5th Cir. 1980)). "In a federal court, habeas corpus can be invoked with respect to indictments only where they are 'so fatally defective' that under no circumstances could a valid conviction result from facts provable under the indictment." *Johnson v. Estelle,* 704 F.2d 232, 236 (5th Cir.1983) (quoting *Johnson v. Beto,* 383 F.2d 197, 198 (5th Cir. 1967), *cert. denied,* 465 U.S. 1009, 104 S.Ct. 1006, 79 L.Ed.2d 237 (1984).

The sufficiency of a state indictment, for purposes of federal habeas review, is necessarily framed by state law. In Mississippi,

"[i]n cases involving enhanced punishment for subsequent offenses under state statutes, ... (1) [t]he indictment must include both the principal charge and a charge of previous convictions. The indictment must allege with particularity the nature or description of the offense constituting the previous felonies, the state or federal jurisdiction of previous conviction, and the date of judgment." Rule 6.04, Miss. Uniform Criminal Rules of Circuit Practice.

The sufficiency of a Mississippi indictment is controlled by Rule 2.05 of the Miss. Uniform Criminal Rules of Circuit Court Practice, *Thames v. Mississippi,* 454 So.2d 486, 487 (Miss.1984), which reads as follows:

"The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation against him. Formal or technical words are not necessary in an indictment, if the offense can be substantially described without them.

"An indictment shall also include the following:

"(1) The name of the accused;

"(2) The date on which the indictment was filed in each court;

"(3) A statement that the prosecution is brought in the name and by the authority of the State of Mississippi;

"(4) The county and judicial district in which the indictment is brought;

"(5) The date and if applicable the time, on which the offense was alleged to be committed. Failure to state the correct date shall not render the indictment insufficient;

"(6) The signature of the foreman of the grand jury issuing it; and

"(7) The words 'against the peace and dignity of the state'."

Johnson claims that Rule 6.04(1) was violated because some information regarding his prior convictions was inscribed on the back side of the indictment and therefore was not included in the indictment. Johnson also claims that Rule 2.05(6) was violated because the jury foreman signed only the front side of the indictment and not the back side.

Johnson cites no case law suggesting that an indictment must be wholly contained on one side of the paper on which it is written, or if not, must be signed on both sides of the page. The signed front side of this indictment plainly indicated that the indictment continued on the back of the page. The indictment was not invalid. We agree with the district court's conclusion that Johnson's claims as to the insufficiency of the indictment afford no basis for relief under § 2254.

## II. Failure to Inform of Consequences of Guilty Plea

■ Johnson claims that the state trial court failed to inform him that he was not required to incriminate himself by pleading guilty to being an habitual criminal. Johnson did not raise this claim below, and we accordingly decline to consider it.[2]

We have repeatedly held that a contention not raised by a habeas petitioner in the district court cannot be considered for the first time on appeal from that court's denial of habeas relief. *Smith v. United States Parole Comm'n*, 752 F.2d 1056, 1059 (5th Cir.1985); *Bass v. Estelle*, 696 F.2d 1154, 1160 (5th Cir.), *cert. denied*, 464 U.S. 865, 104 S.Ct. 200, 78 L.Ed.2d 175 (1983); *Baker v. Estelle*, 711 F.2d 44, 46 (5th Cir.1983), *cert. denied*, 464 U.S. 1048, 104 S.Ct. 724, 79 L.Ed.2d 185 (1984). We discern no circumstances of Johnson's appeal sufficient to overcome this procedural bar.

## III. Unconstitutionally Obtained Prior Conviction

■ Johnson claims that the district court erred in refusing to grant him an evidentiary hearing on the alleged unconstitutionality of his prior conviction of receiving stolen property. The district court held that Johnson was not entitled to such a hearing because he had waived any objection to the use of that conviction at the December 15, 1983 hearing when his plea was accepted and he was sentenced.

Under *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969) a state trial court is required to determine whether a defendant has intelligently and voluntarily entered his guilty plea. *Boykin* further provides that a guilty plea based conviction is generally subject to at-

**2.** We also note that Johnson has apparently never raised this claim in any state court proceeding.

In his original habeas application, Johnson did claim that the state trial court failed to inform him of the consequences of his guilty plea with respect to its effect on good time credits. As this claim has not been raised by Johnson on this appeal, we do not rule on it. We have repeatedly held, however, that it is not necessary, in order for a defendant to have voluntarily and intelligently entered a guilty plea, to have been informed of the "collateral" consequences of his plea. *See, e.g., United States v. Edwards*, 911 F.2d 1031, 1035 (5th Cir.1990); *Moore v. Hinton*, 513 F.2d 781, 782 (5th Cir.1975); *Waddy v. Davis*, 445 F.2d 1, 3 (5th Cir.1971); *Meaton v. United States*, 328 F.2d 379, 381 (5th Cir.1964), *cert. denied*, 380 U.S. 916, 85 S.Ct. 902, 13 L.Ed.2d 801, *reh'g denied*, 380 U.S. 959, 85 S.Ct. 1091, 13 L.Ed.2d 976 (1965); *Trujillo v. United States*, 377 F.2d 266, 268–69 (5th Cir.), *cert. denied*, 389 U.S. 899, 88 S.Ct. 224, 19 L.Ed.2d 221 (1967). The effect of a defendant's guilty plea on good time credits is such a collateral consequence. *Johnson v. Dees*, 581 F.2d 1166, 1167 (5th Cir.1978) (holding that denial of good time credits was collateral consequence of guilty plea).

tack, or is not *prima facie* valid, where the state court record fails to adequately reflect that the plea was knowing and voluntary. *Id.* 89 S.Ct. at 1712. Johnson claims that no such record exists with respect to his prior state court conviction of receiving stolen property, and he therefore contends that the district court should have granted him an evidentiary hearing on this issue under 28 U.S.C. § 2254(d).

The district court adopted the findings of the magistrate, who concluded that Johnson properly pleaded guilty to not only the burglary of an inhabited dwelling but also to being an habitual criminal by reason of his two prior felony convictions as specifically alleged in the indictment. In the December 1983 state court proceedings, Johnson did not offer any evidence to rebut, nor did he object to the evidence of, the two prior convictions. Furthermore, he stated prior to acceptance of his plea that he understood that he was being charged in the indictment as an habitual criminal having been twice previously convicted of a felony and sentenced to a term of imprisonment of one year or more in each case as specified in the indictment. The magistrate found that the state trial court's extensive and thorough inquiry into Johnson's decision to plead guilty in respect not only to the burglary of an inhabited dwelling charge but also the habitual criminal allegations of the same indictment satisfied *Boykin*'s requirements.[3] The magistrate's findings are compelled by the record.

In *Boykin*, the Supreme Court ruled that when a plea of guilty is entered in a state court criminal trial, several constitutional rights are waived. *Id.* at 1712. These include the privilege against compulsory self-incrimination, the right to trial by jury and the right of confrontation. *Id.* The Court has subsequently held that

> "[w]hen a criminal defendant has solemnly admitted in open court that he is in

fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973).

In *Zales v. Henderson,* 433 F.2d 20, 24 (5th Cir.1970), this Court held that a habeas corpus petitioner who pleaded guilty to enhancement charges in an habitual offender hearing "waived any complaints he may have had concerning the former offenses which were set out in the enhancement charge." We deemed the guilty plea, in the context of an habitual offender trial, to be "both the alpha and the omega of our determination." *Id.* at 22. We have often echoed this conclusion. *See, e.g., Long v. McCotter,* 792 F.2d 1338, 1340 (5th Cir. 1986); *Vail v. Procunier,* 747 F.2d 277, 278 (5th Cir.1984); *Scott v. Maggio,* 695 F.2d 916, 922 (5th Cir.), *cert. denied,* 463 U.S. 1210, 103 S.Ct. 3544, 77 L.Ed.2d 1393 (1983); *Kemph v. Estelle,* 621 F.2d 162, 163 (5th Cir.1980). In *Long,* we stated that

> "[a] plea of 'true[ ]' ... relieves the State of its burden of proof and, as such, provides the basis for the *Zales* waiver doctrine.... When a 'true' plea has been entered, *Zales* appears to prohibit subsequent collateral attacks on prior convictions in any context, whether denominated an attack on only the prior conviction, independently of the enhanced sentence, or an attack on the enhanced sentence by way of a prior conviction." *Id.* at 1341 (footnote omitted).

Johnson has alleged no facts casting doubt upon the validity of what in substance was his plea of guilty to the prior convictions and habitual criminal allegations. To be entitled to an evidentiary hearing, a habeas petitioner must allege

---

3. We have previously limited application of *Boykin* to sentence enhancement proceedings for habitual offenders on the ground that an habitual offender plea is not the functional equivalent of a guilty plea to a principal charge. We have instead looked at the totality of the circumstances to determine whether the habeas petitioner was aware of his rights and therefore was

not denied due process. *Joseph v. Butler,* 838 F.2d 786, 789 (5th Cir.1988); *Buckley v. Butler,* 825 F.2d 895, 901–05 (5th Cir.1987), *cert. denied,* 486 U.S. 1009, 108 S.Ct. 1738, 100 L.Ed.2d 201 (1988); *Neyland v. Blackburn,* 785 F.2d 1283, 1287–89 (5th Cir.), *cert. denied,* 479 U.S. 930, 107 S.Ct. 399, 93 L.Ed.2d 352 (1986); *Long v. McCotter,* 792 F.2d 1338, 1345–46 (5th Cir.1986).

facts which, if proven, would entitle him to relief. *Taylor v. Maggio*, 727 F.2d 341, 347 (5th Cir.1984). Johnson claims in general terms that he challenged one prior conviction in his December 15, 1983 proceeding and he implies that the state court denied him a hearing on the issue. He has specified no evidence, however, which would tend to support the truth of these assertions and they are clearly contradicted by the state record. We therefore hold that Johnson's *Zales* waiver, by what was in substance his guilty plea to both prior convictions (and to thereby being an habitual criminal) in his state court December 1983 proceeding, precludes subsequent collateral attack on the constitutionality of those prior convictions.

## IV. Ineffective Assistance of Counsel

Johnson claims that his state counsel was ineffective because he failed to challenge his indictment. However, as noted above, Johnson's claims that the indictment was invalid under state law are without merit, and counsel cannot be deemed ineffective for failing to raise such claims.

■ Johnson also asserts on appeal that his counsel (1) failed to inform him that he was not required to plead guilty to the charge of being an habitual criminal; (2) failed to object to Johnson's prior conviction of receiving stolen property on grounds that Johnson had not been indicted for that offense and that the indictment did not actually name Johnson but rather a "Rufus Johnson Mathis"; (3) failed to point out to the state trial court that Johnson's sentence was disproportionate to his principal offense; and (4) failed to inquire into the sufficiency of the proof against him. However, none of these asserted grounds of ineffectiveness of counsel were raised below.[4] For the reasons previously stated, we will not consider these claims raised for the first time on appeal.

## Conclusion

The district court properly concluded that Johnson's indictment was not invalid and that his guilty plea to his prior convic-

tions and habitual criminal status in the December 15, 1983 state proceeding was valid. We do not consider Johnson's other claims because he failed to raise them below. Accordingly, the dismissal of Johnson's petition for a writ of habeas corpus is

AFFIRMED.

---

4. Nor, so far as we can determine, have any of these claims been raised in state court.