947 F.2d 953
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Qasim ALIM, Plaintiff-Appellant,
v.
Jack COWLEY, Defendant-Appellee.
Qasim ALIM, Plaintiff-Appellant,
v.
Jack COWLEY, Defendant-Appellee.
 Nos. 91-6090, 91-6117.
 United States Court of Appeals, Tenth Circuit.
 Nov. 8, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Qasim Alim appeals the district court's denial of relief on two petitions for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.
 
 
 3
 In one petition he challenges convictions, based on guilty pleas, of concealing stolen property after former conviction of two or more felonies, and robbery with firearms after former conviction of two or more felonies.[1] In the other petition, petitioner challenges his conviction, after a jury trial in Oklahoma state court, of robbery with firearms after former conviction of two or more felonies and the sentence imposed upon him.
 
 
 4
 The primary issues raised in both petitions are whether petitioner was denied constitutionally effective assistance of counsel and whether the state court improperly enhanced his sentences. The underlying argument is that the court could not use petitioner's prior convictions to establish that element of the crime with which he was charged, nor to enhance his sentence, without the state carrying the burden of showing that the guilty pleas petitioner made in the six earlier convictions were knowing and voluntary. He cites Boykin v. Alabama, 395 U.S. 238 (1969), in which the Supreme Court held that to establish a guilty plea is valid the state must prove it was intelligently and voluntarily made, and the record must reflect the defendant waived his federal constitutional rights to a jury trial, witness confrontation, and self-incrimination; courts "cannot presume a waiver of these three important federal rights from a silent record." Id. at 243.
 
 
 5
 Petitioner's complaint of constitutional inadequacy of counsel is based on his lawyer's failure to make the Boykin challenge and to assert the unconstitutionality of the Oklahoma law which shifts the burden to defendant to prove the invalidity of the prior conviction once the state has presented the record of the prior conviction.
 
 
 6
 Boykin is applicable, of course, to a direct appeal of a conviction when the defendant has attempted to deny the validity of his guilty plea. That is quite distinguishable from the situation in which a defendant is convicted on an independent crime and his sentence is being enhanced or the crime is made different because of convictions at an earlier time. In such a case the state has the burden, recognized by Oklahoma law, see Bickerstaff v. State, 669 P.2d 778, 779-80 (Okla Crim.App.1983), to present evidence of the earlier convictions in the same way it proves other elements of the crime, by direct or circumstantial evidence.
 
 
 7
 Here the state introduced the required evidence in the form of a certified copy of six earlier convictions of defendant under the alias of Harold McDonald. It is not a violation of the principle of Boykin for the court to accept certified copies of such convictions as proof that a defendant committed the earlier crimes, nor to require the defendant to make some showing that the convictions are invalid.[2] See United States v. Pricepaul, 540 F.2d 417, 424 (9th Cir.1976) (burden on defendant to show that record of prior conviction "did not affirmatively disclose that the rights protected by Boykin were voluntarily and intelligently waived"); United States v. Brown, 899 F.2d 677, 680 (7th Cir.1990) (defendant's "mere bald allegations" that prior convictions were unconstitutional not enough to prevent use of such convictions in determining criminal history under federal sentencing guidelines); see also Sena v. Romero, 617 F.2d 579 (10th Cir.1980) (defendant's showing of silent record shifts burden to government). Likewise, in a habeas challenge to the validity of a prior guilty plea, the petitioner has the initial burden to show noncompliance with Boykin; only then does the burden shift to the government. See Fox v. Kelso, 911 F.2d 563, 570 (11th Cir.1990). Petitioner has not met this burden. Bald assertions that prior convictions were constitutionally invalid do not justify habeas relief.
 
 
 8
 Petitioner also argues that counsel should have attacked the validity of the earlier convictions at trial and at sentencing on the basis that the guilty pleas were taken in violation of Boykin. He asserts that his attorney's failure to do so constitutes constitutionally ineffective assistance of counsel. To establish ineffective assistance of counsel, a defendant must demonstrate that his counsel's performance was deficient and that the deficient performance actually prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Hopkinson v. Shillinger, 866 F.2d 1185, 1204 (10th Cir.1989), cert. denied, 110 S.Ct. 3256 (1990). The first prong is met if petitioner shows that his counsel's performance was not "within the wide range of reasonable professional assistance" demanded of attorneys in criminal cases. Strickland at 689. The second prong requires a showing of a reasonable probability that but for counsel's errors the result would have been different. Id. at 694. The record reflects petitioner has given no reason for counsel to have contested the convictions; petitioner has failed to show any facts supporting his allegation that the prior convictions were invalid. Therefore, he fails to show deficiency of counsel or prejudice, and his ineffective assistance of counsel claim must fail. See Bailey v. Cowley, 914 F.2d 1438, 1440 (10th Cir.1990) (citing Laycock v. New Mexico, 880 F.2d 1184, 1187 (10th Cir.1989)).
 
 
 9
 We agree with the district court that petitioner has made no showing sufficient to warrant relief.
 
 
 10
 AFFIRMED.
 
 
 11
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In addition to the contentions applicable to both appeals, discussed in the text, petitioner alleges that his guilty pleas were invalid because he did not knowingly and intelligently enter those pleas. He states that neither the trial court nor his attorney informed him of the nature and consequences of a plea of guilty. Petitioner asserts the guilty pleas were unconstitutional under Boykin v. Alabama, 395 U.S. 238 (1969). A review of the plea proceeding in state court, and the record as a whole reveals this argument is without merit. See Transcript of Proceedings on April 3, 1986 (Nos. CRF-85-6336, -6338) at 3-10
 
 
 [2]
 Furthermore, the defendant voluntarily, knowingly and intelligently pleaded guilty to two "After Former Conviction" offenses. He thus "waived any complaints he may have had concerning the former offenses which were set out in the enhancement charge." See Johnson v. Puckett, 930 F.2d 445, 449 (5th Cir.1991) (quoting Zales v. Henderson, 433 F.2d 20, 24 (5th Cir.1970)); see also Brady v. United States, 397 U.S. 742, 748 (1970)