986 F.2d 1427
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Charles R. GLAZE, Petitioner-Appellant,
v.
Steve HARGETT and Attorney General for the State of
Oklahoma, Respondents-Appellees.
 No. 92-6349.
 United States Court of Appeals, Tenth Circuit.
 Feb. 18, 1993.
 
 Before TACHA, BALDOCK and PAUL KELLY, Jr., Circuit Judges.*
 ORDER AND JUDGMENT**
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Mr. Glaze, appearing pro se and in forma pauperis, appeals from the denial of his habeas corpus petition pursuant to 28 U.S.C. § 2254 and the district court's denial of a certificate of probable cause pursuant to 28 U.S.C. § 2253. The district court overruled Mr. Glaze's objections to the magistrate's report and recommendation. Mr. Glaze contends that his plea to second degree burglary after the former conviction of two or more felonies is invalid. We grant a certificate of probable cause and affirm.
 
 
 2
 Mr. Glaze argues that the state district court lacked a factual basis for his plea. Habeas jurisdiction is dependent on a federal constitutional violation. Herrera v. Collins, 61 U.S.L.W. 4108, 4110-11 (1993). The absence of a record indicating a factual basis for a state plea is not a federal constitutional claim. Sena v. Romero, 617 F.2d 579, 581 (10th Cir.1980); Freeman v. Page, 443 F.2d 493, 497 (10th Cir.), cert. denied, 404 U.S. 1001 (1971). Nor are there circumstances in this case, such as a plea accompanied with statements of innocence, which might require an inquiry into the factual basis for the plea. See North Carolina v. Alford, 400 U.S. 25, 38 n. 10 (1970); Banks v. McGougan, 717 F.2d 186, 188 (5th Cir.1983). To the contrary, the record indicates that Mr. Glaze admitted the burglary and more than two prior convictions, both by affidavit and testimony at his plea hearing. These declarations are presumed correct. See Blackledge v. Allison, 431 U.S. 63, 74 (1977).
 
 
 3
 Mr. Glaze next suggests that, notwithstanding his guilty plea and admissions, the failure of the state to prove the prior felony convictions was required because his plea was not voluntary or intelligent. Aplt.Br. at 7. Of course, an involuntary plea would contravene the Constitution in its own right, but such facts are not present on this record. Moreover, his plea waived any objections he might have had to the validity of the two prior felony convictions in the enhancement charge. See Johnson v. Puckett, 930 F.2d 445, 449 (5th Cir.) cert. denied, 112 S.Ct. 252 (1991); Long v. McCotter, 792 F.2d 1338, 1340 (5th Cir.1986).
 
 
 4
 Finally, Mr. Glaze contends that he was denied effective assistance of counsel because counsel did not investigate his three former felony convictions, one of which has been set aside. To prevail on an ineffective assistance claim, a petitioner must establish that his counsel's performance was deficient and that this deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). In the context of ineffective assistance with respect to a guilty plea, prejudice means that petitioner would have elected a trial rather than a guilty plea. Hill v. Lockhart, 474 U.S. 52, 60 (1985). Although petitioner had one conviction set aside, he has not demonstrated deficient performance because he has urged no likely reason, supported by facts, why the other two convictions are invalid. To the contrary, petitioner appears to admit that one of the convictions is valid, Aplt.Br. at 7c-7d, and makes the unavailing argument, rejected by the state court, that a factual basis did not exist for the other even given his affidavit that "I broke into a house and I tried to run over a police officer." I R. doc. 2, exhibits at 8. Under these circumstances, his ineffectiveness claim fails. See Laycock v. New Mexico, 880 F.2d 1184, 1187 (10th Cir.1989).
 
 
 5
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 After examining the petitioner's brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3