F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

GARY L. WIEDEMER,

Petitioner-Appellant,

v.

RICHARD MARR, ATTORNEY
GENERAL FOR THE STATE OF
COLORADO,

Respondents-Appellees.

No. 96-1161
(D.C. No. 95-M-1845)
(D. Colo.)

GARY L. WIEDEMER,

Petitioner-Appellant,

v.

RICHARD MARR, ATTORNEY
GENERAL FOR THE STATE OF
COLORADO,

Respondents-Appellees.

No. 96-1162
(D.C. No. 95-M-1713)
(D. Colo.)

ORDER AND JUDGMENT[*]

_____

[*]     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before ANDERSON, KELLY, and LUCERO, Circuit Judges.

After examining the briefs and appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument. Appellant's motion to file an amended reply brief in case no. 96-1162 is granted.

Gary Lee Wiedemer appeals from the district court's orders denying two petitions for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. The district court liberally construed appellant's pro se petitions to challenge a 1990 conviction as invalid because it was enhanced by two 1985 convictions which he asserted were constitutionally infirm.[1]

---

[1] The 1990 conviction resulted from appellant's guilty plea to third degree burglary and two habitual criminal counts based on the 1985 convictions. Although he has served the sentences imposed by the two 1985 convictions, he is currently serving his sentence under the 1990 conviction. Because the 1990 sentence is enhanced by his 1985 convictions, he is not precluded from seeking habeas relief as to his 1990 conviction, based on the alleged improper enhancement by his 1985 convictions. See Harvey v. Shillinger, 76 F.3d 1528, 1537 (10th Cir.) (citing Gamble v. Parsons, 898 F.2d 117, 118 (10th Cir. 1990)), cert. denied, 117 S. Ct. 253 (1996).

Appeal No. 96-1161

Before the district court, appellant contended that a 1985 conviction for possession of a controlled substance was the result of a breached plea agreement, an involuntary guilty plea, improper advisement at the time of that plea, and ineffective assistance of trial counsel. In connection with this 1985 conviction, he also alleged as error the state court's dismissal of his post-conviction motion and the denial of an evidentiary hearing by that court, and contended that the state's applicable statute of limitations was unconstitutional. Appellant also sought an evidentiary hearing before the district court.

Appeal No. 96-1162

In this case, appellant challenged as unconstitutional a separate 1985 conviction for conspiracy to commit second degree burglary, alleging that it also was the result of a breached plea agreement. He again asserted error in the state court's denial of a hearing on his post-conviction motion and again requested an evidentiary hearing before the district court.

District Court Orders

The district court denied appellant's habeas petitions because it concluded that his 1990 guilty plea to two habitual criminal charges based on the 1985 convictions resulted in a waiver of any right he previously may have had to bring collateral challenges to the 1985 convictions. See Johnson v. Puckett, 930 F.2d

445, 449-50 (5th Cir. 1991). Alternatively, the district court concluded appellant's claims were barred on grounds of procedural default and/or because they failed to state constitutional claims cognizable on federal habeas corpus review. The district court denied appellant's evidentiary hearing motions, but granted him leave to proceed in forma pauperis on both appeals, and issued certificates of probable cause to appeal.[2]

Analysis

On appeal, appellant challenges the district court's conclusion that he has waived the right to collaterally attack his 1985 convictions. He contends he was never advised that, in pleading guilty to the habitual offender counts, he was waiving his right to challenge the underlying convictions. He points to a jurisdictional exception to the waiver doctrine, and argues his habeas claims are jurisdictional because they all relate to his sentence. We reject both of these arguments, and affirm the district court's orders based on its waiver analysis.

First, we agree with appellees there is no requirement that a defendant be specifically advised of all of the collateral consequences of a guilty plea to a

_____

[2]    The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) has since amended the applicable law to require a "certificate of appealability." Because appellant was granted certificates of probable cause in these appeals before AEDPA became effective, the district court applied the appropriate standards and we need not reexamine the issue. See Nickel v. Hannigan, 97 F.3d 403, 407 n.4 (10th Cir. 1996), petition for cert. filed, No. 96-7296 (Dec. 30, 1996).

habitual offender charge, including the resulting waiver of his right to collaterally challenge the convictions underlying that charge. In these cases, appellant has alleged no infirmity in his 1990 guilty plea such that we are compelled to look behind it.[3] Further, we disagree that his claims are jurisdictional in nature simply because they go to the validity of his sentence. The jurisdictional exception to the waiver doctrine goes to the very ability of a court to try a defendant.

Because we agree with the district court that appellant has waived any collateral challenges to his 1985 convictions, we also affirm the district court's denials of appellant's motions for evidentiary hearings. In light of the above analysis, we need not address the district court's alternative grounds for denial of the petitions for habeas relief or appellant's arguments about those grounds. The judgments of the United States District Court for the District of Colorado are AFFIRMED. The mandates shall issue forthwith. All outstanding motions are denied.

Entered for the Court

Stephen H. Anderson
Circuit Judge

---

[3] The record indicates that appellant has filed a separate challenge as to his 1990 conviction; that case is not yet before us.