An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JARED EDWARD BEEBE,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 62714



FILED

SEP 1 8 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of two counts of sale of a controlled substance. Fourth Judicial District Court, Elko County; Nancy L. Porter, Judge.

Appellant Jared Edward Beebe contends that the district court erred by denying his presentence motion to withdraw his guilty plea. Beebe contends that he advanced a substantial, fair, and just reason to withdraw his plea when he alleged that he did not know that a bill passed by the Legislature that would have allowed him to receive good time credits towards his sentence had been vetoed by the governor.[1] *See* NRS 176.165; A.B. 136, 76th Leg. (Nev. 2011). We disagree.

---

[1]The district court's order also concludes that Beebe failed to demonstrate that he received ineffective assistance of counsel in

*continued on next page...*

The district court may grant a presentence motion to withdraw a guilty plea for any substantial, fair, and just reason. *Crawford v. State*, 117 Nev. 718, 721, 30 P.3d 1123, 1125 (2001). "To determine whether the defendant advanced a substantial, fair, and just reason to withdraw a plea, the district court must consider the totality of the circumstances to determine whether the defendant entered the plea voluntarily, knowingly, and intelligently." *Id.* at 721-22, 90 P.3d at 1125-26. We review the district court's determination regarding the validity of a plea for an abuse of discretion. *Johnson v. State*, 123 Nev. 139, 144, 159 P.3d 1096, 1098 (2007).

Here, the district court concluded that, considering the totality of the circumstances, Beebe's guilty plea was voluntarily, knowingly, and intelligently entered and there was no substantial reason to grant the motion that was fair and just. We conclude that the district court did not abuse its discretion by denying Beebe's motion to withdraw his guilty plea. *See Nollettte v. State*, 118 Nev. 341, 344, 46 P.3d 87, 89 (2002) (defining direct and collateral consequences of a guilty plea); *Palmer v. State*, 118 Nev. 823, 826, 59 P.3d 1192, 1194 (2002) ("A defendant's awareness of a

---

...*continued*
connection with the entry of his plea. Beebe does not challenge that determination on appeal.

collateral consequence is not a prerequisite to a valid plea and, consequently, may not be the basis for vitiating it."); *see also, e.g., Johnson v. Puckett*, 930 F.2d 445, 448 n.2 (5th Cir. 1991) (the availability of good time credit is a collateral consequence of a guilty plea). Accordingly, we

ORDER the judgment of conviction AFFIRMED.[2]

_____, J.
Gibbons

_____, J.          _____, J.
Douglas                                 Saitta

cc:    Hon. Nancy L. Porter, District Judge
       David D. Loreman
       Attorney General/Carson City
       Elko County District Attorney
       Elko County Clerk

---

[2]Although we filed the briefs submitted by the parties, they fail to comply with NRAP 3C(h)(1) and NRAP 32(a)(4)-(5) because they are not double-spaced and the footnotes in the fast track statement are not in the same size typeface as the body of the brief. Counsel for the parties are cautioned that future failure to comply with the applicable rules may result in the imposition of sanctions. *See* NRAP 3C(n).