**Albert Alan KEMPH, Jr.,**
**Petitioner-Appellant,**

v.

**W. J. ESTELLE, Director, Texas**
**Department of Corrections,**
**Respondent-Appellee.**

No. 79–2565
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 9, 1980.

Albert Alan Kemph, pro se.

Douglas M. Becker, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

PER CURIAM:

In this habeas corpus case the district court held that petitioner's guilty plea to an enhancement charge constituted a waiver of the constitutional errors he now asserts. We affirm.

Petitioner's 1968 conviction for murder was reversed because of an improper jury argument. *Kemph v. State*, 464 S.W.2d 112 (Tex.Cr.App.1971). On retrial, the state charged petitioner with assault with a prohibited weapon instead of murder. Petitioner, twice convicted of felony offenses, pled guilty to an enhanced life sentence, stipulating the existence of the two prior convictions. His attorney made no objection to their use for enhancement purposes.

On appeal from a denial of habeas corpus relief, petitioner claims one conviction was invalid because he was at the time a 20-year old juvenile in Kansas, the state of the conviction. The guilty plea and stipulation prevent petitioner from raising an independent claim relating to the prior conviction. *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973). "[A] valid plea of guilty to the habitual offender-enhancement charge is a waiver of any complaints concerning those prior convictions set out in the enhancement charge." *Price v. Beto*, 436 F.2d 1070, 1071 (5th Cir. 1971) (citing *Zales v. Henderson*, 433 F.2d 20 (5th Cir. 1970)); *see Moore v. Estelle*, 526 F.2d 690, 696 (5th Cir.), *cert. denied*, 426 U.S. 953, 96 S.Ct. 3180, 49 L.Ed.2d 1192 (1976). Failure to object to use of the Kansas conviction amounted to a waiver of the constitutional error alleged here. *Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977), *cert. denied*, 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 767 (1978).

No claim of ineffective assistance of counsel was presented to the district court, so we do not consider this argument here. *Cf. Lumpkin v. Ricketts*, 551 F.2d 680, 682–83 (5th Cir.) (petitioner's allegation of counsel's failure to make timely objection held insufficient substitute for demonstration of cause for noncompliance with state contemporaneous objection rule), *cert. denied*, 434 U.S. 957, 98 S.Ct. 485, 54 L.Ed.2d 316 (1977). *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

 Petitioner further contends Texas' enhancement statute, Tex.Penal Code Ann. tit. 3, § 12.42(d) (Vernon 1974), requires that the prior offense be of a "like" character. This claim involves a state's interpretation of its own statute, and "does not raise a federal constitutional claim cognizable in habeas corpus." *Stuckey v. Stynchcombe*, 614 F.2d 75, 76 (5th Cir. 1980).

AFFIRMED.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.