Elva RUBIO, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, and Mark White, Attorney General of the State of Texas, Respondents-Appellees.

No. 81-1550
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 18, 1982.

Glen H. Shelton, El Paso, Tex., for petitioner-appellant.

Maury Hexamer, Asst. Atty. Gen., Austin, Tex., W. Barton Boling, Asst. Atty. Gen., El Paso, for respondents-appellees.

Before BROWN, REAVLEY and JOLLY, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

Elva Rubio was convicted by a jury on September 13, 1977, for possession of heroin. Her punishment was enhanced to life imprisonment by virtue of two previous felony convictions, one state and one federal.

The appellant filed a petition for habeas corpus relief under 28 U.S.C. § 2254. Her petition was referred to a United States Magistrate, who recommended denial. The appellant objected to the report, and the United States District Court for the Western District of Texas, Judge Hudspeth, issued a memorandum opinion and order accepting the magistrate's recommendation.

Appellant has timely appealed that decision to this court.

The pertinent facts of the case presented at trial show that on August 16, 1976, narcotics officers with the El Paso, Texas Police Department made a controlled heroin "buy" from the appellant. A confidential informant made connection with the appellant at an El Paso cafe and was told by her that she was willing to sell him one-half ounce of heroin. The appellant made a telephone call and then got into an undercover car with the informant and other members of the surveillance team. After a drive to another El Paso bar, during which appellant discussed openly the heroin she would sell, appellant received $100 in pre-recorded government funds from one of the police officers. She went inside the bar, accompanied by the informant, and exited shortly thereafter. In full view of the surveillance team members, appellant handed a "tinfoil-type" package to the informant. A subsequent chemical analysis of the contents of the package revealed that it was heroin.

The appellant alleges in her petition for relief that her constitutional rights were violated by the court in the state trial in numerous respects.

▪ Appellant contends that the trial court denied her due process of law and the right of confrontation by failing to appoint an interpreter *sua sponte.* Appellant alleges that there were indications in the communications between the court and appellant of limited understanding of the English language or possession of a hearing impediment. Moreover, appellant alleges that there was no clear evidence in the record to show that she possessed an understanding of the English language.

Based on the record, however, it appears that the appellant did have an understanding of the English language. Viewed in its entirety, the record fails to support any allegation of a constitutional violation. Appellant's reliance on *Baltierra v. State,* 586 S.W.2d 553 (Tex.Cr.App.1979) (en banc), is misplaced. Appellant clearly had sufficient command of English to have request-

ed an interpreter. In the absence of a showing that the trial court was apprised of a language disability, no prejudice has been shown.

▪ Appellant's second contention in her petition is that the trial court denied her due process of law by overruling her trial counsel's motion to withdraw as attorney of record. A hearing was held in state court on the motion and the state and defense counsel were given the opportunity to be heard. The state court denied the motion based on this hearing. In view of this opportunity to present the motion and in view of the fact that defense counsel stated on the day of the trial that he was ready for trial, there does not appear to be any constitutional violation. There is no fundamental right to counsel of one's choice. Representation by counsel not of one's choosing does not, in itself, deprive one of effective assistance of counsel, *United States v. Gray* 565 F.2d 881 (5th Cir. 1978); *United States v. Harrelson,* 477 F.2d 383 (5th Cir. 1973) *cert. denied,* 414 U.S. 847, 94 S.Ct. 133, 38 L.Ed.2d 95 (1973).

Appellant contends further that her counsel was ineffective in that he failed, *inter alia,* to defend her vigorously at trial, to object to extraneous and inadmissible testimony and prosecution argument, to request a charge on the issue of entrapment, and to call her and the confidential informant as witnesses.

▪ Pursuant to this court's ruling in *Daniels v. Maggio,* 669 F.2d 1075, 1977 (5th Cir. 1982) and *Boyd v. Estelle,* 661 F.2d 388, 389–90 (5th Cir. 1981), the petitioner in a habeas corpus proceeding bears the burden of showing an identifiable lapse on the part of counsel and some actual, adverse impact upon the fairness of her trial resulting from that lapse. The right to counsel pursuant to the sixth amendment requires, not errorless counsel or counsel judged so by hindsight, but counsel reasonably likely to render reasonably effective assistance. Viewing this case in that light, it appears that counsel's representation was adequate under the circumstances. Given the evidence

brought against the appellant, including the testimony of eye-witnesses, this case was especially difficult to defend. The appellant has not provided sufficient factual proof of lapse or impact.

■ Appellant argues that she was denied due process and her right to confrontation of witnesses since the state trial court did not require the state to produce the confidential informant nor to account for his absence. Appellant received the name of the informant; however, the informant was never called as a witness by the appellant. No subpoena was ever requested. Moreover, the appellant offers no proof of what the missing testimony might have been, nor is there any reason to believe that the informant would have given testimony favorable to the defendant. Most importantly, the state was not required to call the informant.

Finally, appellant raises a number of contentions regarding the conduct of the trial. Appellant contends that improper hearsay statements of the confidential informant were allowed into the evidence, that she was denied due process by the absence of a charge on the law of entrapment, that the state trial court denied her due process by failing to grant a mistrial based on injection of harmful unsworn testimony by the prosecution before the jury, that she was denied due process by the allowance of the state to introduce unsworn testimony to bolster the credibility of the state's witnesses, and that the state trial court denied her due process of law in the enhancement of her sentence to life in prison.

■ A review of the record in this case reveals that the appellant failed to object during trial in any of these matters. Under the Supreme Court's decision in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), the failure to object to such matters during trial precludes the appellant from federal habeas corpus relief, absent a showing of cause and actual prejudice. Appellant has failed to make such a showing.

■ For example, in regard to the issue of entrapment, not only is entrapment an affirmative defense under Texas law, with appellant responsible for its pleading, there was also no prejudice since the defense of entrapment clearly was not suggested by the evidence in this case.

In regard to the enhancement of her sentence, appellant alleges that there existed a fatal variance between the pleading and the proof concerning the date of finality of the prior conviction used for enhancement, that one of the prior convictions was not considered a felony under state law, and that the federal conviction used to enhance her sentence was void.

■ Assuming the variance constituted a violation of state law, such violation is purely a question of state criminal procedure and does not present an issue cognizable in a federal habeas corpus action. *Llamas-Almaguer v. Wainwright,* 666 F.2d 191, 193 (5th Cir. 1982). Her claim that the federal conviction was not a felony under state law is also not cognizable under 28 U.S.C. § 2254 habeas proceedings. *United States v. Walker,* 621 F.2d 163 (5th Cir. 1980). Finally, appellant's argument that because the statute defining the previous offense was repealed means that her conviction is therefore void makes little sense. Unless specified by the legislature, repeal of a statute does not repeal prior convictions based on violations of that statute when that statute was in effect. *See* 1 U.S.C. § 109 (federal savings statute).

In view of the foregoing, the appellant was provided due process during the state court trial, and for the reasons set forth in this opinion, the District Court is

AFFIRMED.