**Kermit GABEL, Petitioner-Appellee,**

v.

**O.L. McCOTTER, Director, Texas Department of Corrections, Respondent-Appellant.**

No. 85–1704.

United States Court of Appeals, Fifth Circuit.

Oct. 29, 1986.

Rehearing and Rehearing En Banc Denied Dec. 31, 1986.

Charles A. Palmer, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellant.

Gary A. Udashen (Court-appointed), George R. Milner (Court-appointed), Dallas, Tex., for petitioner-appellee.

Before CLARK, Chief Judge, and GARZA and HIGGINBOTHAM, Circuit Judges.

GARZA, Circuit Judge:

This case brings our attention to an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The issue submitted for review is whether petitioner's prior federal convictions were admitted properly for the enhancement of punishment under Texas law at the time of trial. Because we find that state evidentiary rulings do not constitute constitutional error and are consequently not cognizable in a habeas proceeding, we reverse the district court's decision to grant habeas relief to the petitioner.

Kermit Gabel, the petitioner, was convicted by a jury on June 26, 1980, for the offense of burglary of a habitation. Petitioner's sentence was enhanced under Tex. Penal Code Ann. tit. 3, § 12.42(d) (Vernon 1974), which allows for the enhancement of punishment to life imprisonment when the defendant had been previously convicted of two felony offenses. Texas law as it existed at the time of his conviction provided that a federal conviction for an offense not constituting a felony under Texas law may nevertheless be used for enhancement if the federal conviction is for a felony. One of the prior convictions alleged for enhancement was a guilty plea in the United States District Court for the Northern District of Ohio for the felony offense of mail fraud in violation of 18 U.S.C. §§ 1341 and 1342. Petitioner objected to the admission of this conviction into evidence, but the state court admitted it on the ground that the federal offense of mail fraud prohibited conduct that was also punishable as a felony under Texas law.

On direct appeal to the Court of Appeals for the Fifth Supreme Judicial District of Texas, petitioner challenged the introduction of this conviction on the ground that the federal offense of mail fraud is not an offense denounced as a felony by the penal statutes of the State of Texas. The state appellate court did not reach this issue, but rejected petitioner's challenge to the admission of the prior conviction on the authority of *Ex parte Blume*, 618 S.W.2d 373 (Tex. Crim.App.1981) (en banc). Petitioner correctly noted that the Court of Criminal Appeals had long held that a federal conviction was available for enhancement only if it was for an offense which was also a crime under Texas law. In at least two cases decided after the new penal code became effective in 1974, the Court of Criminal Appeals had restated that principle. *See Montgomery v. State*, 571 S.W.2d 18 (Tex.Crim.App.1978); *Ex parte Smith*, 548 S.W.2d 410 (Tex.Crim.App.1977). In *Blume*, decided after petitioner's conviction in this case, the Court of Criminal Appeals overruled that principle and held that a federal offense could be used for enhancement if it was punishable by a term of imprisonment, without regard to whether the offense which resulted in the federal conviction would have been an offense under Texas law. Thus, *Blume* brought Texas case law in accord with Texas statutory law by holding that evidence of any federal felony conviction punishable by imprisonment could be used for enhancement purposes.

In his federal habeas application filed below, petitioner contended that the application of *Blume* to his appeal constituted an improper application of an *ex post facto* law, thereby denying him due process. The federal magistrate and district court judge, based on the authority of *Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964), accepted this argument and the writ was granted. We must reverse on this ground because *Blume* merely applied a novel interpretation to existing statutory law, and this does not constitute an *ex post facto* law application.

Because the issue herein involves a purely evidentiary matter of state law, no claim of constitutional deprivation is sub-

ject to review in a federal habeas corpus proceeding. It is the law of this circuit that the state law question involved in this appeal does not present a federal constitutional issue cognizable in habeas corpus. *See Rubio v. Estelle,* 689 F.2d 533, 536 (5th Cir.1982); *Kemph v. Estelle,* 621 F.2d 162, 163 (5th Cir.1980). The issue of state law has been authoritatively resolved by the state convicting court, and therefore, even though the district court disagreed with the state trial court's interpretation of that law, the district court had no authority to grant the writ under the rule enunciated in *Rubio* and *Kemph* that this claim is not one of federal constitutional dimension.

In conclusion, the application of *Blume* with regard to petitioner's federal conviction for mail fraud did not constitute a violation of the *ex post facto* clauses of either the Texas or United States Constitution, and did not deny petitioner due process of law. The district court, like this Court, being bound by *Rubio* and *Kemph,* does not have the power to address the question presented because it is purely a question of state evidentiary procedure and does not present a question cognizable in a federal habeas corpus action.

In view of the foregoing, the decision of the district court granting habeas relief is

REVERSED.