OPINION
Defendant-Appellant Lawrence D. Kreuzer is appealing his July 1998 conviction for non-support of dependents, asserting sixteen assignments of error.
Kreuzer was divorced from Karen Kreuzer on May 2, 1985, Case No. 84 DR 628, in the Greene County Domestic Relations Court. At that time, Kreuzer was ordered to pay child support for his daughter, Stacy Kreuzer, in the amount of $50 per week, and spousal support of $100 per week for seventy-eight weeks. On September 16, 1986, the trial court found Kreuzer in contempt for his failure to comply with his spousal support obligations. Accordingly, the trial court assessed a lump sum judgment against Kreuzer in the amount of $6,112.00.
Kreuzer's first conviction for nonsupport of dependents occurred on May 26, 1994. The record is unclear as to the time period and the basis for this charge, however Kreuzer was sentenced to eighteen months in the Correctional Receptions Center.
On March 7, 1996, Kreuzer's father passed away and the estate was divided among the six children. Kreuzer received a partial disbursement of the proceedings on December 6, 1996 in the amount of $10,000. On January 7, 1997, Kreuzer received over $30,000 in joint and survivor bonds from the estate. On January 21, 1997, the trial court ordered Kreuzer not to dispose of any assets he had received from his father's estate. In a final disbursement on July 2, 1997, Kreuzer received $7,465.94. On September 2, 1997, this $7,465.94 was deposited into his account at Pickaway Correctional Institution after Kreuzer attempted to have the money deposited into a no-load mutual fund.
On February 13, 1998, Kreuzer was indicted on one count of non-support of dependents in violation of R. C. § 2919.21(A)(2), a felony of the fourth degree. Kreuzer's bond was set at $20,000. On February 23, 1998, the Ohio Supreme Court assigned the Honorable Robert Brown to the case. At the arraignment on February 26, 1998, Kreuzer appeared without counsel and requested that he be permitted to represent himself. The trial court urged him to remain mute until counsel could be appointed for him, and the court entered a plea of not guilty for him. The trial was set for April 13, 1998.
Over the next several months Kreuzer filed many pro se
motions. On March 11, 1998, he filed a motion for a bill of particulars, a speedy trial demand, a jury trial demand, and a motion for discovery. On March 16, 1998, he filed a motion to correct the February 26, 1998 entry, a motion for additional discovery, a motion for additional time for discovery, and a motion requiring jail personnel, the probation department, and the Greene County Clerk of Courts to process his filings in an expedited manner. That same day, the Greene County Public Defender's Office appointed Cynthia Thompson as Kreuzer's attorney. On March 20, 1998, the State filed a bill of particulars, specifying that the time period alleged for Kreuzer's non-support was between December 16, 1996, and January 30, 1998.
Kreuzer filed an affidavit of disqualification of Judge Brown with the Ohio Supreme Court on March 24, 1998, which the Supreme Court dismissed on April 1, 1998. On March 27, 1998, the trial court sustained Kreuzer's motion to correct its February 26, 1998, entry. At that time the trial court reset the trial for May 1, 1998. The State filed its discovery and reciprocal demand for discovery on March 30, 1998.
On April 3, 1998, the trial court filed a judgment entry following a March 27, 1998, pretrial conference. In this entry, the trial court found that Kreuzer's motion for a bill of particulars was moot. The trial court overruled Kreuzer's motion for additional discovery, finding that the prosecutor would have provided all necessary discovery by March 31, 1998. The court also overruled the motion for discovery, the motion for additional time for discovery, and the motion requesting the proper filing of documents. The trial court sustained the motion for a speedy trial. Additionally, the court ordered that counsel be immediately appointed to represent Kreuzer.
On April 16, 1998, Kreuzer filed a motion to compel discovery, a motion to obtain law books, and a motion for contempt against the prosecutor's office and Cynthia Thompson for failing to obtain an attorney as was court-ordered at the arraignment and pretrial conference. Attorney Tom Merritt, who had been appointed as counsel for Kreuzer, filed a motion to withdraw on April 22, 1998. The motion stated that although he had been appointed as Kreuzer's attorney, he had never authorized the appointment and he could not commit the time and resources to be prepared for the May 1, 1998, trial date. Kreuzer filed several more pro se motions on April 29, 1998. He filed two separate motions to quash the indictment, one based on a violation of his speedy trial rights and the other based on unspecified indictment dates. He also filed a motion to correct the March 27, 1998, and April 3, 1998, entries to reflect that he had never stated that he wanted to represent himself.
On May 4, 1998, the Ohio Supreme Court notified the trial court that Kreuzer had filed a second affidavit of disqualification against Judge Brown, and that on April 28, 1998, Judge Brown had recused himself from the case. On May 26, 1998, the Supreme Court assigned Judge Everett Burton, Jr. to the case. On June 1, 1998, Kreuzer filed a motion for restraining orders, a motion for contempt against the prosecutor, and a motion to reimburse the Child Support Enforcement Agency ("CSEA"), all prose.
At a June 10, 1998, pretrial, the court heard evidence on Kreuzer's motions, with Merritt sitting as Kreuzer's legal advisor. The trial court reset the trial for the next available date of July 27, 1998. In its entry, the trial court specifically noted that pursuant to R. C. § 2945.72(E), the trial date was delayed in part because the court had had to respond to all of Kreuzer's motions.
The trial court filed a judgment entry on June 23, 1998, overruling Kreuzer's motion for contempt, motion for a restraining order, motion to reimburse the CSEA, motion to compel discovery, motion for law books, and motions to quash. On July 20, 1998, Kreuzer filed a pro se motion to dismiss his charge due to a speedy trial violation.
The trial commenced on July 27, 1998. The jury returned a guilty verdict against Kreuzer for of non-support of dependents. Kreuzer filed a pro se motion for a new trial on July 31, 1998, claiming that he had sent praecipe for witnesses to Merritt and the clerk of courts on April 27, 1998, and prior to the July 27, 1998, trial, however no subpoenas had been served on his behalf. Kreuzer's motion also claimed that he had requested representation by court-appointed counsel, but was forced to represent himself at trial. Finally, he claimed that the prosecutor still had failed to provide the requested discovery to him. The trial court overruled this motion on October 7, 1998.
Kreuzer was sentenced on September 17, 1998, to eighteen months incarceration, but he was given 228 days of jail time credit. Kreuzer was also ordered to pay a fine of $5,000 and restitution in the amount of $21,934.09. At disposition, Kreuzer claimed he was indigent and requested that the trial court appoint an attorney for his appeal. The trial court found from the evidence at trial that Kreuzer was not indigent, thus no attorney would be appointed. Additionally, the court noted that although Kreuzer acted pro se, he did consult with Merritt during trial, and because he was not indigent, a portion of the fines assessed against Kreuzer were to compensate Merritt for his role as "legal advisor."
Kreuzer filed his pro se notice of appeal on September 18, 1998, along with a motion to appoint an attorney and to waive transcript costs, and a request for transcripts from all proceedings. This Court overruled those motions on December 3, 1998, because Kreuzer had not filed a properly completed affidavit of indigency/financial disclosure statement. Kreuzer filed the affidavit on December 22, 1998, but this Court, by entry dated February 25, 1999, found that Kreuzer was not indigent and overruled his motions for appointed counsel and transcripts.
On March 3, 1999, Kreuzer filed a motion to reconsider the February 25, 1999, entry, which was later overruled. On April 14, 1999, Kreuzer filed a motion for this Court to order the court reporter to submit the five pages of transcript for which he had paid; however, this Court overruled the motion because Kreuzer had failed to substantiate his claim that he had paid for the pages. Kreuzer's request for this Court to order the transcript of the arraignment was also overruled, because Kreuzer had been found not to be indigent. On June 7, 1999, Kreuzer filed a second motion to order the court reporter to submit the five pages of transcript for which Kreuzer had ordered and paid, to which he attached a copy of the endorsed canceled check. The five pages were filed during the pendency of this appeal on July 7, 1999, and we hereby grant the motion along with the accompanying motion to supplement the record with the pages. Additionally, we did grant the State's request to supplement the record with the trial exhibits.
Consequently, the only transcript of the proceedings below to have been filed and made part of the appellate record is from the dispositional hearing held on September 17, 1998, and the five random pages from the trial transcript.
Kreuzer now timely appeals his conviction, asserting sixteen assignments of error.
 I. The Court erred in denying appellant a speedy trial.
In his first assignment of error, Kreuzer claims that his speedy trial rights were violated. He argues that the time between the recusal of Judge Brown on May 4, 1998, resulting in the vacating of the May 1, 1998, trial date, and the subsequent assignment of Judge Burton on May 26, 1998, should not have been tolled for speedy trial purposes. Kreuzer also argues that the trial court's lack of diligence led to a delayed appointment of counsel for Kreuzer, just eight days prior to the May 1, 1998, trial. Kreuzer argues that this was an unexcusable delay by the trial court resulting in a continuance, and thus violating his speedy trial rights. We do not agree.
 R.C. 2945.71(C)(2) provides that a person against whom a charge is pending shall be brought to trial within two hundred seventy days after his arrest. However, there are some extensions permitted, as stated in R. C. 2945.72(E):
 The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following:
* * *
 (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused.
Furthermore, motions which temporarily remove the case from the jurisdiction of the trial court, such as a motion to recuse the hearing judge, will also toll the speedy trial statute under R.C.2945.72(G). State v. Mays (1996), 108 Ohio App.3d 598, 612-613.
Kreuzer was indicted for non-support of dependents, a felony of the fourth degree, on February 13, 1998, with the original trial date scheduled for April 6, 1998. This was well within the two hundred seventy day period as prescribed by R. C.2945.71(C)(2). Kreuzer's trial date was delayed due to numerous motions that he filed on March 11, March 16, and March 24, 1998, including a motion to recuse the trial court judge. As a result of these motions the trial court continued the trial to May 1, 1998. This continuance would certainly fall under R. C.2945.72(E), as it was a delay directly caused by the motions Kreuzer had filed, and therefore resulted in the tolling of the statutory speedy trial deadline.
On April 28, 1998, Kreuzer filed several other additional motions, including two motions to quash his indictment. He filed a second motion for recusal with the Ohio Supreme Court on or about that same day, to which Judge Brown responded by recusing himself. On May 26, 1998, the Supreme Court assigned Judge Burton to the case; the May 1, 1998, trial date was vacated and a new trial date was set for July 27, 1998. In continuing the trial, the trial court specifically noted that the trial could not commence prior to July 27, 1998, because of its heavy trial schedule and Merritt's schedule. It is well-established that a court may continue a trial for a reasonable period of time if it is engaged in another trial. R. C. § 2945.72(H); State v. Hudson
(1983), 10 Ohio App.3d 52. However, the trial court noted that this delay was also pursuant to R. C. § 2945.72(E), because additional time was needed to rule on Kreuzer's outstanding motions.
Thus, in this case, it is clear that the reason for the continuance from May 1, 1998, to July 27, 1998, was due to Kreuzer's filing of numerous motions to which the trial court had to respond. Moreover, the recusal was in response to one of Kreuzer's motions, and under Mays, supra, and R. C. § 2945.72(E), the delay caused in re-assigning the case tolled the speedy trial time. As such, the trial was held within the prescribed period under R. C. § 2945.71.
Kreuzer's first assignment of error is overruled.
For ease of organization, the remaining assignments of error will be addressed out of order.
 II. The Court erred in not allowing appellant to have properdiscovery.
 IX. The Court erred in not allowing appellant proper access tolaw books.
In his second assignment of error, Kreuzer argues that despite filing three separate motions for discovery, he was unable to prepare his case for trial because the "proper discovery" had not been provided to him. Kreuzer argues in his ninth assignment of error that the court erred in overruling his motion regarding proper access to law books. However, Kreuzer offers no supporting evidence for these claims.
App. R. 9 requires an appellant to supply the court with a transcript of prior proceedings necessary for disposition of any question on appeal. Pursuant to App. R. 9(B), it was Kreuzer's duty to order and provide the necessary transcripts to this Court. No transcripts from the proceedings, with the exception of the dispositional hearing and the random five pages from trial, have been provided. The failure to provide the transcripts is apparently rooted in Kreuzer's claim that he is indigent, despite the trial court and this Court's determinations that Kreuzer was not indigent.
Accordingly, absent a transcript of the proceedings, this Court must presume regularity in the proceedings before the trial court. State v. McKinney (Feb. 8, 1991), Mahoning App. No. 89 C.A. 123, unreported, citing State v. Brandon (1989), 45 Ohio St.3d 85,87. The Brandon court held that "if the presumption of a given set of facts is necessary, we must presume the set of facts that validates, rather than invalidates, the judgment." Id. In Kollar v. Canfield Auto. Repair Serv. (Dec. 17, 1992), Mahoning App. No. 91 C.A. 82, unreported, this Court held that a "presumption of validity attends the trial court's action" and "in the absence of an adequate record, which is the appellant's responsibility * * * we are unable to evaluate the merits of the assignments of error." Id., quoting Volodkevich v. Volodkevich
(1989), 48 Ohio App.3d 313, 314.
To support these assignments of error, Kreuzer neither provides this Court with the specifics of the documents he had allegedly requested in discovery, nor provides any indication as to how the State's failure to provide these documents prejudiced him. In fact, the trial court's judgment entries on April 3, 1998, and June 23, 1998, indicate that discovery had been provided pursuant to Crim. R. 16. Similarly, without a transcript we cannot determine that the court erred in overruling Kreuzer's motion requesting "proper" access to the law library. Kreuzer did not demonstrate what access he was denied and how he was prejudiced by such. To the contrary, the record reflects that Kreuzer had access in order to prepare the numerous motions he submitted to the trial court. As the record stands, there is no evidence to support Kreuzer's allegations, and we can only presume regularity in the proceedings below.
Kreuzer's second and ninth assignments of error are overruled.
 VIII. The Court erred in not allowing appellant to have witnesses.
In his eighth assignment of error, Kreuzer contends that he was denied the right to subpoena witnesses on his behalf and have them testify at trial, because neither the clerk of courts nor Merritt responded to his witness lists. To support this assignment of error, Kreuzer has supplemented the record with five random pages of transcript from the trial. The majority of the testimony in the transcript pages provided consists of Kreuzer's arguments to the trial court that he had not been able to subpoena witnesses on his behalf. Included on page sixty-seven of the transcript is a brief, one paragraph dialogue between Merritt, Kreuzer and the court regarding the large number of witnesses (over twenty individuals) Kreuzer had requested Merritt to subpoena. Also discussed was Merritt's role as a legal advisor as opposed to Kreuzer's attorney. Although this is evidence that Kreuzer preserved this issue for appeal, he offers no supporting evidence that his rights were violated.
As this court stated in State v. Morgan (May 28, 1987), Clark App. No. 2294, unreported,
 We believe that in order to establish a violation of his Sixth Amendment rights to confront the witnesses against him or to have compulsory process to obtain witnesses in his favor, [a defendant] must demonstrate that he was deprived of testimony that would have aided him in his defense.
Id., citing Washington v. Texas (1967), 388 U.S. 14; United Statesv. Valenzuela-Bernal (1982), 458 U.S. 858; Rubio v. Estelle
(C.A.5, 1982), 689 F.2d 533. In this case, Kreuzer did not meet his burden of providing this Court with any information on the individuals he wished to have subpoenaed, nor did he provide any information as to how their testimony would have aided in his defense. His assignment of error merely asserts that he sent the praecipe to the clerk of courts and to Merritt, but that no witnesses were subpoenaed. As such, we cannot find that the trial court erred in failing to aid Kreuzer to subpoena the witnesses.
The eighth assignment of error is overruled.
 III.
The Court erred in not allowing appellant to have counsel.
 IV.
The Court erred because Appellant was given ineffective counsel.
In his third and fourth assignments of error, Kreuzer argues that the court erred by not "allowing" him to have counsel, as Merritt was not appointed until April 23, 1998, eight days prior to trial. He also claims that Merritt was ineffective because he only spoke with Kreuzer while they were in court, he did not subpoena the witnesses Kreuzer had requested, and he would not answer Kreuzer's written questions.
In this case we cannot determine, without a transcript, the merits of these assertions. To the contrary, the March 27, 1998, and April 3, 1998, entries indicate that the trial court had ordered that Kreuzer be appointed counsel even after he requested that he be able to represent himself. Merritt was appointed as legal advisor for Kreuzer, and the trial court noted at disposition that Kreuzer did confer during trial with Merritt, thus utilizing his skills.
Kreuzer's ineffective assistance of counsel argument must also fail. As stated above, there is evidence in the record that Merritt did provide adequate assistance to Kreuzer, which Kreuzer utilized. Without evidence to the contrary, we conclude that Kreuzer has failed to meet his burden of proof under App. R. 9.
Kreuzer's third and fourth assignments of error are overruled.
 V.
The Court erred in not recording waiver of counsel.
 VI.
The Court erred in not inquiring sufficiently into whether appellant voluntarily, knowingly and intelligently waived counsel. (This is assuming this court rules Appellate (sic) did waive counsel.)
 VII.
The Court erred in not inquiring about appellant's need for assistance in employing counsel.
In Kreuzer's fifth, sixth, and seventh assignments of error, he claims that the trial court did not record his waiver of counsel; the trial court did not properly inquire as to whether he voluntarily, knowingly, and intelligently waived his right to counsel; and finally, the trial court did not ask about Kreuzer's need for assistance in employing counsel.
The Sixth Amendment guarantees that a criminal defendant has an independent constitutional right to self-representation and that he may proceed to represent himself without counsel when he voluntarily, knowingly, and intelligently elects to do so.Faretta v. California (1976), 422 U.S. 806. "Generally, the proceedings of the lower court are deemed to be correct. If there is no transcript of the proceedings and the error cannot be shown in the record, an appellant will not prevail. However, when confronted with the waiver of a constitutional, statutory or other substantial or fundamental right, such waiver must affirmatively appear in the record." Garfield Heights v. Brewer (1984),17 Ohio App.3d 216. See, also, State v. Haag (1976),49 Ohio App.2d 268, 271.
The trial court was required to make a record of its advice to Kreuzer regarding his right to counsel and his waiver of that right pursuant to Crim. R. 44(C) and (D) and Crim. R. 22. Crim. R. 22 states that "[p]roceedings may be recorded in shorthand, or stenotype, or by any other adequate mechanical, electronic or video recording device." As there is no transcript from the hearings at issue currently before this court, we can only assume that the trial court acted correctly and recorded Kreuzer's waiver of his Sixth Amendment rights in accordance with Crim. R. 44 and Crim. R. 22.
Additionally, the record that is before this Court reflects evidence contrary to Kreuzer's allegations that the trial court did not inquire about his need for assistance in employing counsel. In its corrected entry filed on March 27, 1998, the trial court states that Kreuzer "appeared in open court without counsel," and that Kreuzer "requested that he be permitted to represent himself." In the entry filed on April 3, 1998, the trial court specifically noted:
Addressing first the matter of counsel for Defendant, the Defendant asserted that he still desired to represent himself. The Court, while acknowledging the Defendant's right to proceed pro se, nevertheless ORDERED that counsel not in the employ of the Greene County Public Defender be immediately appointed to assist the Defendant.
(Doc. No. 21, p. 1) Thus, despite Kreuzer's waiver of counsel, the court still ordered that he be appointed counsel. Without further evidence, Kreuzer has not met his burden of proof under App. R. 9, and we must presume regularity in the trial court's proceedings.
The fifth, sixth and seventh assignments of error are hereby overruled.
 XI.
The Court erred in denying appellant his right to be brought to court with the appearance, dignity and self respect of a free and innocent man.
His eleventh assignment of error consists of an assertion that Kreuzer was denied the right to be brought to his trial without shackles, in civilian clothes, and with self-respect.
Generally, a defendant is entitled to be present at his trial free of shackling. State v. Morgan (1992), 84 Ohio App.3d 229, 231. "Where a defendant asserts that his right to a fair trial has been violated due to his being shackled, handcuffed, or otherwise restrained in the presence of the jury, he bears the burden of affirmatively demonstrating prejudice." State v. Jones (Sept. 16, 1992), Wayne App. No. 2718, unreported, citing United States v.Diecidue (C.A.5, 1979), 603 F.2d 535, 549, certiorari denied (1980), 445 U.S. 946; State v. Sublett (June 12, 1991), Medina App. No. 1971-M, unreported. It is within the trial court's discretion to use restraints to ensure the safety and orderly progression at trial. State v. Carter (1977), 53 Ohio App.2d 125,132.
In the instant case, Kreuzer has provided no evidence to this Court as to what his appearance was at trial, if he indeed was shackled, if he requested from the court additional time to have his hair cut or to shave, and if he even objected at trial to going forward in his alleged "condition." Without such evidence, we cannot even determine if Kreuzer correctly preserved this issue for appeal. Furthermore, Kreuzer did not meet his burden of affirmatively demonstrating that he was prejudiced by being restrained before the jury, if that was the case. As no evidence exists because Kreuzer failed to comply with App.R. 9, we must presume regularity in the trial court's proceedings, and we hereby overrule Kreuzer's eleventh assignment of error.
 X.
The Court erred in finding appellant guilty after the D.R. Court found him innocent of the same charge for the same time.
 XII.
The Court erred in finding appellant was able to pay child support using his money, assets or state pay while he was in prison.
 XIII.
The Court erred in finding that the prison allowed appellant to pay child support while in prison.
 XIV.
The Court erred in ordering appellant to pay restitution of the alledged (sic) entire back child support amount.
 XV.
The Court erred in ordering appellant to pay a $5000 fine.
 XVI.
The Court erred in not giving appellant a fair trial and proper due process.
In his remaining assignments of error, Kreuzer alleges a variety of errors, all of which rely on information not before this Court. In the tenth assignment of error Kreuzer claims that the domestic relations court did find him in contempt for failure to pay child support, so he should not have been found guilty using the same evidence before a jury in his criminal trial. The twelfth and thirteenth assignments of error allege that the trial court erred in determining that Kreuzer was able to pay child support while incarcerated and while his assets were subject to a restraining order, contrary to the rules in the prison handbook.
The fourteenth assignment of error challenges the trial court's order that Kreuzer pay restitution of the alleged child support arrearage, claiming that such amount had never been determined. Similarly, in his fifteenth assignment of error, Kreuzer argues that the trial court erred in assessing him a $5,000 fine, because Kreuzer had been paying child support consistently since 1994, except during periods of incarceration. Finally, in his last assignment of error, Kreuzer argues that his due process rights were violated due to a combination of errors he had asserted in his previous assignments of error.
In all of the above-mentioned assignments of error, Kreuzer offers no supporting evidence from the record itself pursuant to App. R. 9. We are unable to determine the merits of Kreuzer's claim in his tenth assignment of error, because the domestic relations court proceedings are not in evidence in this appeal, and thus there is no evidence of error. In assignments of error twelve and thirteen, there is no evidence in the record before this court to support Kreuzer's allegations. There is no evidence of a restraining order, no evidence of his ability or inability to pay, no evidence that he did pay any child support before or during incarceration, and no evidence that the trial court made a determination as to his ability to pay. Similarly the inmate handbook has not been made part of the record, and we cannot determine that the trial court erred in finding that the prison permitted Kreuzer to pay child support while incarcerated.
Additionally, there is no evidence regarding the arrearage amount or how this amount was established, there is no evidence to support Kreuzer's allegation that he had been making payments of child support, and there is no evidence specifying the dates of Kreuzer's incarceration. Finally, for the reasons stated in the previous assignments of error, we find that his sixteenth assignment of error has no merit.
Since pertinent information has not been provided for us to adequately review the substance of Kreuzer's claims pursuant to App. R. 9, we are unable to evaluate the merits of the above-mentioned assignments of error and must presume that the trial court's proceedings were regular and correct. Consequently, this Court finds that Kreuzer's tenth, twelfth, thirteenth, fourteenth, fifteenth and sixteenth assignments of error are overruled.
The trial court's judgment is presumed correct and is hereby affirmed.
GRADY, P.J., and WOLFF, J., concur.
Copies mailed to:
Robert K. Hendrix
Lawrence D. Kreuzer
Hon. Everett Burton
(by assignment)