PD-0572-14, PD-0573-14
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/23/2015 3:50:44 PM
Accepted 6/24/2015 10:19:26 AM
ABEL ACOSTA
CLERK

**Nos. PD-0572-14 and PD-0573-14**

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS
AT AUSTIN, TEXAS

═══════════

**PATRICIA DONALDSON,**
**Petitioner**

**v.**

**THE STATE OF TEXAS,**
**Respondent**

═══════════

*On discretionary review of a decision by the Fifth District Court of Appeals in
Cause Numbers 05-13-00598-CR and 05-13-00599-CR*

*On appeal from the 282nd Judicial District Court of Dallas County,
in Trial Court Cause Numbers F10-00433-S and F10-00435-S*

═══════════

**STATE'S BRIEF**

═══════════

*Counsel of Record:*

SUSAN HAWK                          ALEXIS E. HERNÁNDEZ
Criminal District Attorney          Assistant District Attorney
Dallas County, Texas                State Bar No. 24055658
                                    133 N. Riverfront Blvd., LB-19
                                    Dallas, Texas 75207-4399
                                    (214) 653-3625
                                    Alexis.Hernandez@dallascounty.org

*ATTORNEYS FOR THE STATE OF TEXAS*

# TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................ii

TABLE OF AUTHORITIES .............................................................iii

STATEMENT OF THE CASE............................................................ 1

STATEMENT OF FACTS ................................................................. 2

SUMMARY OF ARGUMENT ........................................................... 5

ARGUMENT ..................................................................................... 5

    BECAUSE THE TRIAL COURT ACCEPTED THE PLEAS OF
    GUILTY AND TRUE, THE SENTENCES ARE NOT VOID OR
    OUTSIDE OF THE APPLICABLE PUNISHMENT RANGE
    AND AN APPELLATE COURT MAY IMPLICITLY FIND
    WHAT IS TRUE WITHIN THE RECORD ......................................... 5

PRAYER ........................................................................................ 15

CERTIFICATE OF COMPLIANCE ......................................................... 15

CERTIFICATE OF SERVICE ............................................................... 16

# TABLE OF AUTHORITIES

**Statutes**

Tex. Penal Code Ann. § 12.425 (West Supp. 2014).............................. passim

Tex. Penal Code Ann. § 32.32 (West 2011) ................................................ 1, 2

Tex. Penal Code Ann. § 37.10 (West Supp. 2014)...................................... 1, 2

**Federal Cases**

*Gabel v. McCotter*,
  803 F.2d 814 (5th Cir. 1986) ...................................................................... 11

**Texas Court of Criminal Appeals**

*Absalon v. State*,
  No. PD-0340-14,
  2015 Tex. Crim. App. LEXIS 514 (Tex. Crim. App. Apr. 29, 2015)........... 10

*Almand v. State*,
  536 S.W.2d 377 (Tex. Crim. App. 1976).................................................... 6

*Dinn v. State*,
  570 S.W.2d 910 (Tex. Crim. App. 1978).................................................... 6

*Ex parte Pena*,
  71 S.W.3d 336 (Tex. Crim. App. 2002) .................................................... 5

*Ex parte Rich*,
  194 S.W.3d 508 (Tex. Crim. App. 2006)..................................................... 9

*Ex parte Seidel*,
  39 S.W.3d 221 (Tex. Crim. App. 2001) ..................................................... 6

*Ex parte Sewell*,
  742 S.W.2d 393 (Tex. Crim. App. 1987).................................................... 6

*Harvey v. State*,
  611 S.W.2d 108 (Tex. Crim. App. 1981)..................................................... 6

*Jordan v. State*,
256 S.W.3d 286 (Tex. Crim. App. 2008)....................................................13

*Light v. State*,
15 S.W.3d 104 (Tex. Crim. App. 2000) ....................................................14

*Mizell v. State*,
119 S.W.3d 804 (Tex. Crim. App. 2003)...............................................5, 6

*Roberson v. State*,
420 S.W.3d 832 (Tex. Crim. App. 2013)..................................................13

*State v. Story*,
445 S.W.3d 729 (Tex. Crim. App. 2014)..................................................10

*Wilson v. State*,
671 S.W.2d 524 (Tex. Crim. App. 1984)....................................................6

**Texas Courts of Appeals**

*Box v. State*,
No. 05-12-00421-CR,
2013 Tex. App. LEXIS 4077 (Tex. App.—Dallas Mar. 28, 2013, pet. ref'd)
(mem. op., not designated for publication)..............................................11

*Burks v. State*,
227 S.W.3d 138 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd)............11

*Donaldson v. State*,
Nos. 05-13-00598-CR—602-CR,
2014 Tex. App. LEXIS 6099 (Tex. App.—Dallas June 4, 2014, pet. granted)
(mem. op. on reh'g, not designated for publication).....................................2

*Gomez v. State*,
No. 03-07-00135-CR,
2008 Tex. App. LEXIS 7481 (Tex. App.—Austin Aug. 27, 2008, no pet.)
(mem. op. on reh'g, not designated for publication) .....................................9

*Harris v. State*,
No. 05-02-01728-CR,
2005 Tex. App. LEXIS 2117 (Tex. App.—Dallas March 21, 2005, pet. ref'd)
(not designated for publication)...............................................................6

*Mikel v. State*,
  167 S.W.3d 556 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ...............9

*Salinas v. State*,
  No. 07-00-0093-CR,
  2002 Tex. App. LEXIS 5904 (Tex. App.—Amarillo Aug. 13, 2002, pet. ref'd)
  (not designated for publication)............................................................... 10

*Warner v. State*,
  No. 05-03-01274-CR,
  2004 Tex. App. LEXIS 2930 (Tex. App.—Dallas Apr. 1, 2004, no pet.)
  (not designated for publication)...............................................................7

*Wooldridge v. State*,
  319 S.W.3d 747 (Tex. App.—Eastland 2009, pet ref'd) ...............................7

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

The State of Texas submits this brief in response to the brief of Petitioner, Patricia Donaldson.

## STATEMENT OF THE CASE

Petitioner was charged by indictments, entered open pleas of guilty before the court, pled true to two enhancement paragraphs, and was convicted for the following causes: one count of making a false statement to obtain property or credit ($1,500 or more, but less than $20,000) and one count of tampering with a governmental record.[1] (CR1:14, 16; CR2:21, 23).[2] *See* Tex. Penal Code Ann. § 32.32(c)(4) (West 2011), § 37.10 (West Supp. 2014). The trial court pronounced punishment as ten years' confinement for the making a false statement offense and five years' confinement for the tampering with a governmental record offense. The judgments were entered May 1, 2013.

On April 15, 2014, the Fifth District Court of Appeals issued its opinion which reversed and remanded the instant causes for a new punishment hearing because it found the sentences void given the trial court purposely did not make a finding as to whether one of the enhancement paragraphs was "true"

---

[1] Petitioner pled guilty to five trial cause numbers, but only these two causes are on appeal before this Court.

[2] "CR1" is designated as the district clerk's record for F10-00433-S (the charge for making a false statement to obtain property or credit) and "CR2" is the clerk's record for F10-00435-S (tampering with a governmental record).

in each case.  On April 21, 2014, the State filed a motion for rehearing and on June 4, 2014, the Fifth Court of Appeals withdrew its original opinion and issued a new memorandum opinion on the motion for rehearing which affirmed Appellant's sentences. *Donaldson v. State*, Nos. 05-13-00598-CR—602-CR, 2014 Tex. App. LEXIS 6099 (Tex. App.—Dallas June 4, 2014, pet. granted) (mem. op. on reh'g, not designated for publication). Petitioner's *pro se* petition for discretionary review was granted by this Court on February 4, 2015, and Petitioner subsequently filed her brief.

## STATEMENT OF FACTS

Petitioner waived her right to a jury trial and voluntarily entered an open plea of guilty to both state jail felony offenses, as alleged, and pleas of true to each of the two enhancement paragraphs. (RR2:4-12). Tex. Penal Code Ann. § 32.32(c)(4) (West 2011), § 37.10 (West Supp. 2014). Petitioner's signed, written judicial confessions; stipulation of evidence; and pleas of true to the enhancement paragraphs in each case were admitted into evidence without objection. (CR1:14-17; CR2:19-21; RR2:11-12).

The trial court initially passed the causes for the determination of guilt at a later time. (RR2:12). The next day, the trial court stated the following at the beginning of the sentencing hearing:

> The Court:  All right. Court calls Cause Numbers F11-00622, 10-00447, 10-00435, 10-00433, and F10-00448, State of Texas versus

2

Patricia Donaldson. This is a continuation of a hearing that started yesterday in which Ms. Donaldson entered a guilty plea to the offenses as alleged in indictments and true to the enhancement paragraphs. The Court found the evidence sufficient to find the enhancement paragraphs true and found the evidence sufficient to find Ms. Donaldson [guilty].

Today is the continuation of that hearing to make a determination whether or not a finding of guilty should be made, or whether any finding of guilt should be deferred for a period of years.

(RR3:6; *but see* RR2:12, lines 13-16). After the sentencing hearing, the trial court acknowledged and "accepted the pleas of guilty and … the pleas of true to the enhancement paragraphs in all of the matters before the Court," but declined "to make a finding regarding the second enhancement paragraphs." (RR4:20-21). When pronouncing its ruling at the end of the sentencing hearing, the court stated:

The Court:  Each side having rested and closed, the defendant having entered pleas of guilty and pleas of true to the enhancement paragraphs, the Court has accepted the pleas of guilty and -- and the pleas of true to the enhancement paragraphs in all of the matters before the Court. The Court has considered the evidence before me. The Court has considered the arguments of counsel.

Court announces the verdict as such: In Cause Number F10-00448, the Court finds Ms. Donaldson guilty of the offense of tampering with government records. The Court finds the first enhancement paragraph to be true. Through a lengthy discussion regarding the second enhancement paragraph, the Cause Number 390-CR-00193-T, the Court declines to make a finding in that -- in that cause.

\* \* \*

3

Cause Number F10-00433, the defendant's found guilty. First enhancement paragraph is found to be true. The Court's [sic] makes no finding in Cause Number 390-CR-0193-T. The defendant is sentenced to 10 years TDC. No fine.

* * *

In Cause Number F10-00435, the defendant's found guilty. The first enhancement paragraph is -- is found to be true. There's no finding in Cause Number 390-CR-00193-T. This is the social security card case. In that case, the defendant is sentenced to five years TDC with no fine.

(RR4:19-21).

### *Enhancement Paragraphs*

The indictment in both causes contained two enhancement paragraphs, which alleged that Petitioner had been previously finally convicted of two felonies. (SE 8, 9, 13; CR1:5; CR2:5). The first conviction was for federal mail fraud, for which Petitioner was sentenced on November 1, 1990. This conviction was subsequently affirmed by the Fifth Circuit Court of Appeals on September 19, 1991. (SE 8; RR3:37-39, 86). Her second felony offense of credit card abuse (cause number F92-33828) occurred subsequent to her federal felony mail fraud conviction. (SE 8, 9, 13; CR1:5; CR2:5). The judgment in this second prior cause reflects that Petitioner committed the offense of credit card abuse on December 12, 1991, and was finally convicted of that offense on July 2, 1992. (SE 13; RR3:37-38; RR5:16). Pen packets for both enhancing

4

offenses were admitted into evidence without objection. (SE 8, 9, 13; RR3:37-38, 86).

## SUMMARY OF ARGUMENT

Regarding Petitioner's issue for discretionary review by this Court, she pled true to both enhancement paragraphs and the Court effectively accepted her pleas of true to those paragraphs, and assessed punishment within the range provided by law. Given Petitioner's pleas of true to the enhancement paragraphs and the evidence in the record, even with the trial court's refusal to make a finding, the Court of Appeals was proper in impliedly finding that judgment could be modified as necessary to reflect the proper sentencing occurred in accordance with the evidence in the record.

## ARGUMENT

**BECAUSE THE TRIAL COURT ACCEPTED THE PLEAS OF GUILTY AND TRUE, THE SENTENCES ARE NOT VOID OR OUTSIDE OF THE APPLICABLE PUNISHMENT RANGE AND AN APPELLATE COURT MAY IMPLICITLY FIND WHAT IS TRUE WITHIN THE RECORD.**

*Applicable Law*

"A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal." *Mizell v. State*, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003) (*citing Ex parte Pena*, 71 S.W.3d 336, 336 n.2 (Tex. Crim. App. 2002) and *Ex parte Seidel*, 39 S.W.3d 221, 225 n.4

5

(Tex. Crim. App. 2001)). Trial and appellate courts that otherwise have jurisdiction over a criminal conviction have the authority to correct an illegal sentence. *Id.*

When seeking to enhance punishment, the State has the burden to show that the prior conviction was final under the law and that Petitioner was the person previously convicted of that offense. *Wilson v. State*, 671 S.W.2d 524, 525 (Tex. Crim. App. 1984); *Harvey v. State*, 611 S.W.2d 108, 111 (Tex. Crim. App. 1981). However, when a defendant pleads "true" or "guilty" to the enhancement allegations, she removes from the State its burden to prove what it alleged; in other words, the State's burden is satisfied. *Ex parte Sewell*, 742 S.W.2d 393, 396 (Tex. Crim. App. 1987); *Harvey*, 611 S.W.2d at 111; *Dinn v. State*, 570 S.W.2d 910, 915 (Tex. Crim. App. 1978) (when a defendant pleads "true" to the enhancement paragraph, the State's burden of proof is satisfied as the plea of "true" is sufficient proof).

When a trial court fails to make a written or oral finding of "true," the court will typically imply that the court did make such a finding if it is affirmatively reflected in the record. *See Almand v. State*, 536 S.W.2d 377, 379 (Tex. Crim. App. 1976); *Harris v. State*, No. 05-02-01728-CR, 2005 Tex. App. LEXIS 2117, at *2-3 (Tex. App.—Dallas March 21, 2005, pet. ref'd) (not designated for publication). When enhancement paragraphs are proven,

6

punishment at the enhanced level is mandatory. *Warner v. State*, No. 05-03-01274-CR, 2004 Tex. App. LEXIS 2930, at *6 (Tex. App.—Dallas Apr. 1, 2004, no pet.) (not designated for publication) (*citing Wilson*, 671 S.W.2d at 525); *see also Wooldridge v. State*, 319 S.W.3d 747 (Tex. App.—Eastland 2009, pet ref'd).

*Application of Law to Facts*

In her brief, Petitioner initially asserts that the reason the trial judge assessed her sentence within the range provided by section 12.425(b) of the Texas Penal Code is that the "trial court believed that a finding of "True" to a single enhancement allegation authorized such a punishment." (Petitioner's Br. at p. 7). A far more logical explanation would be that the trial judge attempted to "split the baby" because he did not want to foreclose the Petitioner from seeking a challenge against the use of her federal mail fraud conviction as a basis for an enhanced punishment. Thus, the trial judge assessed a sentence that was in line with what the State sought for punishment. The sentence was justified by the evidence of the timing of when the federal mail fraud sentence was imposed, followed by the commission of the subsequent credit card abuse offense. However, the judge still chose to express his uncertainty about the legal effect of Petitioner's true plea, since he entertained some doubt as a result of the concurrent sentence language seen in

7

the prior judgments. (*See* RR4:8-9). His uncertainty does not appear to be based on the finality of the mail fraud conviction, but rather, appears to be based on whether "sentences that run together count as separate enhancement paragraphs?" (RR4:8).

Petitioner also asserts that "the trial court concluded that the State had not sufficiently proven sequential conviction of two felonies." (Petitioner's Br. at p. 9). However, this too cannot be true because this is not a case of the trial court judge making a finding of "not true." Instead, this is a case where the judge *refused* to make *any* finding regarding the federal mail fraud conviction.

While Petitioner essentially argues the trial judge failed to conclude that the second degree felony punishment range applied, the trial judge certainly did not conclude that Petitioner should be punished only for a non-enhanced state jail felony or that the federal enhancement had not been proven. Moreover, the trial court expressly accepted Petitioner's plea of true to both convictions, as alleged, which included their sequence. In light of her true plea, nothing more was required.

Texas Penal Code § 12.425(b) states:

> If it is *shown* on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been *finally convicted of two felonies* other than a state jail felony punishable under Section 12.35(a), *and* the second previous felony conviction is for an offense that *occurred subsequent to the first previous conviction*

8

> *having become final*, on conviction the *defendant shall be punished for a felony of the second degree*.

Tex. Penal Code § 12.425(b) (West Supp. 2014) (emphasis added). What is actually required of the State under section 12.425(b) is that it "show" the enhancement facts. Logically, this showing means that such facts must be found true based upon evidence beyond a reasonable doubt. But, this changes when the accused does not controvert the allegations and voluntarily pleads "true." After the accused pleads true, the State has no burden at all. *See Dinn*, 570 S.W.2d at 915. The plea effectively serves as the "showing" required by the repeat offender statute, with a single exception. *See Gomez v. State*, No. 03-07-00135-CR, 2008 Tex. App. LEXIS 7481, at *10 (Tex. App.—Austin Aug. 27, 2008, no pet.) (mem. op. on reh'g, not designated for publication) (*citing Ex parte Rich*, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006) and *Mikel v. State*, 167 S.W.3d 556, 559 (Tex. App.—Houston [14th Dist.] 2005, no pet.)).

It would seem that the plea loses the characterization of "showing" the enhancement if it is later proven that the allegation was, in reality, false—or if there was a legal impediment to the State using the prior conviction for the purpose proposed by the State. *Id. See, e.g.*, *Ex parte Miller*, 330 S.W.3d 610, 624 (Tex. Crim. App. 2009); *Rivera v. State*, 957 S.W.2d 636, 638 (Tex. App.—Corpus Christi 1997). This impediment might arise in instances where the

prior conviction is void, where the conviction did not involve the defendant, where an offense does not meet the required sequence with the alleged final conviction, or a situation where a Petitioner could gain habeas corpus relief. However, none of these situations are involved in this case.

Ultimately, the court of appeals was required to affirm the judgment (including its respective sentence) on *any* legal theory applicable to the facts. *Absalon v. State*, No. PD-0340-14, 2015 Tex. Crim. App. LEXIS 514, at *7 (Tex. Crim. App. Apr. 29, 2015); *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014). But since Petitioner did not challenge the validity and veracity of her true plea in her appeal, there was no reason for the court not to give effect to her plea. The court of appeals in its opinion on rehearing properly recognized that the trial court judge lacked authority to ignore the true plea or otherwise attempt to avoid the punishment range that was specifically prescribed by the legislature.

It would be fair to say that a true plea to an enhancement paragraph has always been considered to eliminate the need for any further proof of the enhancements by the State. It can (and should) be considered "a judicial admission of the facts alleged in the indictment." *Salinas v. State*, No. 07-00-0093-CR, 2002 Tex. App. LEXIS 5904, at *25 (Tex. App.—Amarillo Aug. 13, 2002, pet. ref'd) (not designated for publication). Short of the falsity or a legal

10

impediment exception, such admission can only be interpreted to mean that the true plea dictates what finding the court is to make regarding the applicable range of punishment. *Burks v. State*, 227 S.W.3d 138, 142 n.3 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) ("Appellant's true plea required that the [fact-finder] assess at least 25 years' imprisonment.").

Here, the trial court could not countermand Petitioner's decision to concede and settle the issue of her guilt. There is no review of proof or determination of sufficiency of evidence involved in this case. *See Box v. State*, No. 05-12-00421-CR, 2013 Tex. App. LEXIS 4077, at *20 (Tex. App.—Dallas Mar. 28, 2013, pet. ref'd) (mem. op., not designated for publication) (by pleading true, "the defendant waives any complaint that the evidence is insufficient to support" the State's proof of habitual offender status). The Petitioner cannot derive any advantage from the trial judge's reluctance on this occasion to follow and enforce the applicable law if, in fact, that was his purpose. Any other holding effectively renders the plea needless and meaningless.

The trial judge erred only in his failure to treat the federal mail fraud conviction as a final felony conviction under Texas Penal Code section 12.425(b). *See Gabel v. McCotter*, 803 F.2d 814, 815 (5th Cir. 1986). It appears that the trial judge made an unsupported assumption that Petitioner, in fact,

enjoyed the right to concurrent discharge of her sentences for both the federal mail fraud charge and credit card abuse charge. The judgment contained in State's exhibit 9 reflects that Petitioner was found guilty of mail fraud and sentenced on November 1, 1990 to be confined for a period of "six (6) months." It does appear from this record that Petitioner appealed from this judgment, but that the judgment was indeed affirmed by the United States Court of Appeals for the Fifth Circuit on September 19, 1991. (*See* SE 8; RR3:37-38; RR5:11). In State's exhibit 13, the following judgment in cause number F92-33828 reflects that Petitioner committed the offense of credit card abuse on December 12, 1991 and was finally convicted of that offense on July 2, 1992. (RR3:37-38; RR5:16).

Obviously, any part of the sentence that was assessed in the federal court actually served before July 2, 1992 did not gain any credit for Petitioner on her sentence for credit card abuse. In any event, the reference in the judgment of January 16, 1992 to Petitioner's commitment for nine months "to the custody of the United States Bureau of Prisons" to "run concurrent w/State sentence" would not change the meaning or application of Texas Penal Code section 12.425(b). (*See* SE 9). Application of this statute is based on finality, and not when or if the sentences were to run concurrently.

In any event, the language in section 12.425(b) speaks only of a final conviction for a felony offense, followed by commission, and then conviction, for a second felony offense. The statute says nothing about how the sentences for the two convictions are served, likely because, given the sequencing required, the sentence for the first offense must always be imposed before the second offense has been committed. Therefore, if a parolee commits a new offense after her release, the mere fact that her parole is revoked and the sentence in the new case is not "stacked" upon the earlier sentence does not mean the habitual offender law is not thereafter applicable to her future conduct (i.e., her third offense).

As there was no true reason for the trial judge to doubt the State's theory about the applicable range of punishment, there was no reason for him to refuse to make the only finding supported by the defendant's plea (which fully substituted for and met the need for any proof of the enhancement allegation in the indictment). The legislature clearly sought "to punish more harshly persons who repeatedly commit crimes." *Jordan v. State*, 256 S.W.3d 286, 293 (Tex. Crim. App. 2008). The only error of the trial judge was his failure to correctly interpret the applicable law and Petitioner is not entitled to any relief based solely on that type of error. *See Roberson v. State*, 420 S.W.3d 832, 840-41 (Tex. Crim. App. 2013) (jury's findings sufficient to support enhancement even

13

though they apparently received faulty instructions about the alleged sequence of the convictions). And, the trial judge could simply have made a "not true" finding if not content with the result of the aim of the statute. That did not occur here. In the present case, neither party appeared to raise concerns regarding Petitioner's plea or the sequencing of the enhancement paragraphs. Thus, the presumption of regularity of the proceedings applies. *See, e.g.*, *Light v. State*, 15 S.W.3d 104, 107 (Tex. Crim. App. 2000).

The trial court's decision not to make a finding, but noting the acceptability of the unopposed State's exhibits, in tandem with Petitioner's uncontested pleas of guilty, satisfied the burden of proof on this issue. Here, the trial court chose not to make a finding but noted and accepted Petitioner's plea of true and the State's unopposed exhibits. Accordingly, the record shows that the burden of proof on this issue was satisfied. Thus, if this court insists that a true finding must be expressed by the court before any harsher punishment can be assessed, then it should still affirm the decision of the court of appeals on rehearing (to the extent the opinion held the material finding was implicitly found, though designedly omitted for another, illegitimate, reason). The court of appeals properly affirmed Petitioner's convictions and sentences in its opinion on rehearing. Petitioner's issue should be decided against her.

## PRAYER

The State respectfully prays that this Honorable Court will affirm the opinion on rehearing of the Fifth Court of Appeals and affirm Petitioner's judgments and sentences in both cases.

Respectfully submitted,

**Susan Hawk**
Criminal District Attorney
Dallas County, Texas

**Alexis E. Hernández**
Assistant District Attorney
State Bar No. 24055658
Frank Crowley Courts Bldg.
133 N. Riverfront Blvd., LB19
Dallas, Texas 75207-4399
(214) 653-3625 // (214) 653-3643 *Fax*

## CERTIFICATE OF COMPLIANCE

I certify that, in accordance with Tex. R. App. P. 9.4, this brief contains approximately 3,090 words, as counted by the *Microsoft Word 2010* word count tool.

Alexis E. Hernández

15

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing State's Brief has been served on Lawrence B. Mitchell, P.O. Box 797632, Dallas, Texas 75379, and upon Lisa McMinn, the State Prosecuting Attorney, at P. O. Box 13046, Austin, Texas 78711-3046, by US mail and through email using the electronic filing service on June 23, 2015.

Alexis E. Hernández

16